# Campbell Printing Press & Man. Co. v. Jones.

*Statutory Detinue by Mortgagee, for Printing Press.*

1. *Interest on promissory note.*—A promissory note, payable at a future day, "with interest" at a specified rate, bears interest from date, since it would, without these words, bear interest from maturity.

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

This action was brought by the appellant, a private corporation chartered under the laws of New York, against James B. Jones, to recover a printing-press, with damages for its detention; and was commenced on the 4th February, 1886. The plaintiff had sold the printing-press on the 3d June, 1884, to T. C. Olive & Co., at the agreed price of $1,000, of which $250 was paid in cash, and for the residue the purchasers executed their six promissory notes, for $125 each, with a mortgage on the press to secure their payment. The notes were all dated June 3d, 1884, and were payable, respectively, at four, eight, twelve, sixteen, twenty, and twenty-four months after date, at the First National Bank of Columbus, Mississippi, "with interest at the rate of seven per cent. *per annum.*" The mortgage was conditioned for the payment of said notes, "as they severally come to maturity; and the only question in the case was, whether the past-due notes had been paid in full, which depended on the question of interest." The plaintiff asked the court to charge the jury, "that in ascertaining the amount due on the mortgage, they should calculate interest on the notes from the date of the execution, and · not from the date of their maturity." The court refused this charge, and the plaintiff excepted; and its refusal is now assigned as error.

McGUIRE & COLLIER, for appellant.

NE SMITH & SANFORD, *contra*.

CLOPTON, J.—This is an action of detinue, brought by appellant to recover a printing-press, which the plaintiff sold, in 1884, to T. C. Olive & Co. The plaintiff derives title under a mortgage executed by the vendees to secure the payment of five notes, given for a part of the purchase-money. The defendant put in issue, under the statute, the amount due on the mortgage. For the purpose of showing the amount due, the plaintiff introduced in evidence three of the notes, all of which are dated at Fayette, Ala., June 3, 1884, and payable respectively at eight, sixteen, and twenty months after date; and each promising to pay, to the order of the plaintiff, "one hundred and twenty-five dollars, at First National Bank, Columbus, Miss., value received, with interest at the rate of seven percent. *per annum.*" The principal of the first two notes maturing was paid at maturity. The court instructed the jury to allow interest only from the time of maturity. Whether the notes bear interest from date, or from maturity, is the sole

[Campbell Printing Press and Man. Co. v. Jones.]

question presented for our decision by the submission of counsel.

The principle seems to be settled, that a promissory note payable at a future day, *with interest*, bears interest from date, it being considered as a part of the debt.—*Dornan v. Dibden*, R. & M. 280; *Richards v. Richards*, 2 B. & Ad. 447; *Lerzenberg v. Cleveland*, 19 La. An. 473. If the notes are construed by their own terms, we hold that the plaintiff is entitled to interest from their date. But the intention of the parties is made manifest, when the notes are considered and construed in reference to, and connection with the original agreement, made at Kansas City, in April, 1884. After stating the agreement to sell, and to deliver, boxed on cars at factory, the contract contains this stipulation : "T. C. Olive & Co. hereby agree to buy said press as above specified, and pay therefor, on receipt of bill of lading for same, cash $250.00, and $750.00 in notes bearing legal rate of interest, as follows;" and then follows a statement of the notes by amount, and the time when payable. The mortgage and notes were subsequently executed in pursuance and consummation of this agreement. It seems evident that, by the original contract, the notes were to bear interest from the delivery of the press. Otherwise, the words, *bearing legal rate of interest*, would be without meaning and operation. Such is the legal effect after maturity, without express stipulation. In *Kennedy v. Nash*, 1 Starkie, 452, Lord Ellenborough held, "that under the words, *bearing interest*, the plaintiff was entitled to recover interest from the date of the bill, since, without any such words, he would be entitled to interest from the time when the bill became due." The obligation of the note is to pay the principal, with interest. To limit the time when the interest begins to run, to maturity, is to presume that the parties contemplated the notes would not be paid when payable, and therefore provided they should bear interest thereafter. In order to give some effect to all the terms of the notes, our conclusion is, that the interest runs from date.

Reversed and remanded.