# Rankin *v.* Dean, *et al.*

## *Ejectment.*

### (Decided Dec. 17, 1908. 47 South. 1015.)

1. *Deeds; Construction; Condition Precedent.*—Where a deed provided that if the grantee should pay certain notes, then it should be of full force and effect, and otherwise should be nul and void, the payment of the notes was a condition precedent to invest title in the grantee, and the conveyance is conditional, although in form a warranty deed.

2. *Payment; Presumption; Lapse of Time.*—The presumption of payment of notes after lapes of twenty years from their maturity, is in the nature of the statute of limitations, serviceable to defeat a recovery in an action for the unpaid purchase money, but does not prevail against the vendor, so as to divest title from him and invest it in the maker of the note, where the payment of the notes was a condition precedent to the operation of the deed.

3. *Vendor and Purchaser; Relation.*—The purchaser in possession is the trustee for the vendor of the unpaid purchase money, and the vendor is the trustee for the purchaser of the legal title.

4. *Same; Rights Created.*—The possession of the vendee before the payment of the notes, which are a condition precedent to a vesting of the title, is a mere equitable right not cognizable in a court of law.

5. *Adverse Possession; Hostile Character; Vendor and Purchaser.*—Possession under a deed which makes the payment of certain notes a condition precedent to the vesting of the title is not adverse where held by the maker of the note and cannot be made the foundation of a presumtive right.

APPEAL from St. Clair Circuit Court.

Heard before Hon. A. H. ALSTON.

Ejectment by D. P. Rankin, Jr., against Walter Dean and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

JAMES A. EMBRY, for appellant. As conclusive of the fact that the court was in error in its rulings the court's attention is called to the following cases.—*Chapman v. Glassell*, 13 Ala. 50; *Borst v. Simpson*, 90 Ala. 373.

[Rankin v. Dean, et al.]

M. M. SMITH, J. P. MONTGOMERY and VICTOR SMITH, for appellees. The plaintiff must have the legal title both at the commencement of the suit and at the time of trial.—*Etowah Min. Co. v. Carlise,* 127 Ala. 663; *Harston v. Dobbs,* 80 Ala. 589; *Chandler v. Jost,* 81 Ala. 111; *Bruce v. Bradshaw,* 69 Ala. 360.

McCLELLAN, J.—Hammond appears to have been the common source of title asserted by the parties litigant. The plaintiff, appellant, claims under a conveyance executed to him by Hammond on December 16, 1873, and the defendants, heirs at law of John R. Dean, claim under an instrument executed by Hammond, on November 15, 1873, to John R. Dean. The instrument to Dean, described therein as the "second party," is in the form of a warranty deed, except that it contains at its end the provisions which we quote: "Know the above obligation is such that whereas the said party of the second part pays or causes to be paid the party of the first part his two several notes of even date for one hundred dollars each this obligation to be in full force and effect, otherwise to be null and void." It was shown that a note for said sum, executed by Dean to Hammond on November 15, 1873, was in existence about 1895, and was then unpaid. Indeed, it is not contended that said notes had been in fact paid, though it is insisted that the presumption, from such lapse of time, should be indulged that the notes referred to in the instrument had been paid. Under the influence of the quoted provisions of the instrument we cannot construe it, as a whole otherwise than a conditional conveyance, which, to invest title in Dean, was dependent upon the payment in full of the notes referred to therein. If the instrument was interpreted to have conveyed title to Dean in præsenti, manifestly the condition quoted, as rendering the obligation a nullity, would be ignored, thus defeat-

ing the intention of the parties. The effect of the quoted condition, as to validity degraded the instrument, otherwise construed in the form of a deed absolute, into evidence of a conditional sale at most.—*Chapman v. Glassell*, 13 Ala. 50, 48 Am. Dec. 41; *Borst v. Simpson*, 90 Ala. 373, 7 South. 814.

The presumption of payment, after 20 years from maturity of the notes, relied upon by appellees, cannot avail them in this character of action—ejectment by the vendor's grantee. That presumption is, in nature, a statute of limitations, which, were the action for the unpaid purchase money, would be serviceable to defeat a recovery thereof by the vendor or his successor in right. But the action here involves the legal title, and the presumption stated cannot effect to divest and invest that title. Such presumption is, as said in the books, a shield, and cannot be converted into a weapon of offense. The question has been, in principle, fully considered by the courts of New York, and their announcements are authority for our stated conclusion thereon.—*Lawrence v. Ball*, 14 N. Y. 477; *Morey v. Farmers' Loan & Trust Co.*, 14 N. Y. 302; *Brady v. Begun*, 36 Barb. (N. Y.) 533. See 22 Am. & Eng. Law, pp. 605, 606. The relation between the vendee in possession and the vendor is that of trust; the vendee being the trustee, for the vendor, of the unpaid balance of the purchase money, and the vendor being the trustee, for the vendee, of the legal title remaining in such vendor.—*Sellers v. Hayes*, 17 Ala. 749. This is the foundation for the doctrine that inhibits the creation of any right, effecting the title of the vendor, by mere lapse of time or presumptions usually arising therefrom.—*Collins v. Johnson*, 57 Ala. 304; May. Dig. p. 88, subhead 243.

So long as Dean held the possession under such an executory agreement, and the condition of payment was unmet, neither his possession nor that of those claiming

[Rankin v. Dean, et al.]

under him could be adverse to Hammond or give rise to any presumptive right in the premises, and, in consequence, none against Hammond.s vendee, Rankin, by a subsequent conveyance. The conveyance by Hammond to Rankin operated to vest in him the legal title to the land described in the conditional instrument therefore made to Dean, and Rankin took the legal title subject to the trust imposed by the conditional instrument to Dean. There is no contention that Rankin was an innocent purchaser for value and without notice of the rights of Dean in the premises. However, Dean's right, certainly until full payment of the notes, was at most a mere equity, not cognizable in a court of law.—*Trammell v. Simmons*, 17 Ala. 411.

It therefore results that the affirmative charge for the defendant was erroneously given at their instance

The judgment is reversed, and the cause is remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.