# Alabama State Land Co. *v.* Matthews.

## *Ejectment.*

(Decided Jan. 20, 1910. Rehearing denied June 30, 1910. 53 So. 174.)

1. *Adverse Possession; Requisites; Openness; Notoriety, etc; Instructions.*—A charge that openness, notoriety and exclusiveness of possession was shown by such acts in respect of the land in its condition at the time as comport with ownership—such acts as would ordinarily be performed by the true owner in appropriating the land or its avails to his own use, or preventing others from the use of it as far as is reasonably practicable, correctly states the law.

2. *Same; Actual Possession; Use.*—It is only necessary to put lands to such use or exercise such dominion over it as is reasonably adapted to its present state, to constitute actual possession.

[Alabama State Land Co. v. Matthews.]

3. *Same; Possession Under Executory Contract.*—One entering on land under an executory contract of purchase holds adversely against all the world except his vendor.

4. *Same; Possession After Payment.*—One holding land under bond for title, after payment of the purchase money in full holds adversely to all the world including the landlord.

5. *Same; Instructions.*—Where the defendant claimed under a purchase from C. the lands in controversy and other lands, and by adverse possession thereof, a charge asserting that unless a jury were reasonably satisfied that defendant had paid C. all that he agreed to pay him for the land, the verdict should be for the plaintiff, failed to limit payment to the price of the land sued for and was properly refused.

6. *Same; Color of Title; Extent of Possession.*—Adverse possession of a part of a tract of land described in an instrument affording color of title, accompanied by a claim in good faith of the whole tract therein described, confers possession of the whole tract, except in cases of a trespasser.

7. *Ejectment; Statute.*—Section 3839, Code 1907, does not apply to a common law action of ejectment.

8. *Evidence; Presumption; Continuity of Possession.*—Possession of land is a fact continuous in its nature, and when once shown is presumed to continue until the contrary is shown.

9. *Champerty and Maintenance; Conveyance of Land Adversely Held; Rights of Vendee.*—A vendee in possession under bond for title, whether the purchase money had been paid in full or not is protected by the rule avoiding sales and conveyances of land adversely held.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Common law ejectment by the Alabama State Land Company against W. S. Matthews. Judgment for defendant and plaintiff appeals. Affirmed.

The following charges were given for the defendant:

"(3) The court charges the jury that. openness and notoriety and exclusiveness of possession are shown by such acts in respect of the land in its condition at the time as comport with ownership—such acts as would ordinarily be performed by the true owners in appropriating the land or its avails to his own use, and preventing others from the use of it as far as reasonably practicable."

"(5) The court charges the jury that if they believe from the evidence that the defendant was in the actual possession of a part of the land described in the complaint throughout the year 1886, and that he was claiming all the lands described in the complaint under a bond for title describing the same executed by N. M. Clements in 1872, then the deed from Swann & Billups, as trustees, to the Alabama State Land Company, dated December 8, 1886, is void as against the defendant, and the plaintiff cannot recover upon the title attempted to be conveyed by that deed.

"(6) The court charges the jury that if they believe from the evidence that the defendant was in the actual possession of a part of the land described in the complaint throughout the year 1891, and that he was then claiming all the land described in the complaint under a bond for title describing the same executed to him by N. M. Clements, and that prior to the year 1891 he had paid said Clements the entire amount of the purchase money on the land described in the said bond for title, then the deed from N. M. Clements to the Alabama State Land Company, dated November 9, 1891, is void as against the defendant, and the plaintiff cannot recover upon the title attempted to be conveyed by that deed."

"(9) The court charges the jury that to constitute an actual possession of land it is only necessary to put it to such use or exercise such dominion over it as in its present state it is reasonably adapted to."

"(12) The court charges the jury that the adverse possession of land is a fact continuous in its nature, and that if it be shown to have existed at any time it will be presumed to have continued thereafter until evidence is adduced showing that it is not.

"(13) The court charges the jury that the possession of lands is a fact continuous in its nature, and when once shown to exist it will be presumed to continue until or unless the contrary is shown.

"(14) The court charges the jury that if they believe from the evidence that the defendant entered upon the land sued for in the year 1872 or 1873 under a contract for its purchase from Col. N. M. Clements, and that he received from said Clements in the year 1873 a bond for title describing said lands, and undertaking to convey them to him upon payment of their agreed price, and that for a period of more than 10 years after the 8th day of February 1877, he was in the continuous, open, actual, visible, notorious, and exclusive possession of a part of the lands sued for, claiming in good faith the whole thereof under his contract of purchase, and bond for title from said Clements, then the plaintiff is not entitled to recover in this action upon the title conveyed by the deed introduced in evidence from Swann & Billups, as trustees, to the Alabama State Land Company, dated December 8, 1886.

"(15) The court charges the jury that if they believe from the evidence that the defendant entered upon the lands sued for in the year 1872 or 1873 under a contract for their purchase from Col. N. M. Clements, and that he received from said Clements in the year 1873 a bond for title describing said lands, and undertaking to convey them to him in payment of their agreed price, afterwards he paid and satisfied Clements in full of the agreed purchase price for the lands described in the bond, and that for a period of more than 10 years after making such full payment, and before this suit was brought, the defendant was in the continuous, open, actual, visible, notorious, and exclusive possession of a part of the lands sued for, claiming in good faith the

whole thereof under his contract of purchase and bond for title from said Clements, then the plaintiff is not entitled to recover in this action under the deed from Col. N. M. Clements to the Alabama State Land Company, dated November 9, 1891."

The following charge was refused to the plaintiff:

"(G) Unless you are reasonably satisfied by this evidence that defendant paid Col. Clements all he agreed to pay him for the land he bought from Clements, then your verdict must be for the plaintiff."

J. A. W. SMITH, and HENRY FITTS, for appellant. Charges 3 and 9 should have been refused.—*Lucy v. Tenn. Co.*, 92 Ala. 246; *Eureka Co. v. Norment*, 104 Ala. 625; *Hoyle v. Mann*, 144 Ala. 516. Charge 14 should have been refused.—Sec. 3839, Code 1907; *Lawrence v. Ala. St. L. Co.*, 144 Ala. 524. This is also true of charge 5, and it is bad for other reasons.— *Yarbrough v. Avant*, 66 Ala. 526. The court should have given charge G. for the plaintiff.—*Sample v. Reeder*, 97 Ala. 227; *Perry v. Lawson*, 112 Ala. 483; *Inglis v. Webb*, 117 Ala. 387. When a trust relation subsists between parties, a conveyance of either that merges the legal and equitable estate is valid, though the land is in the actual possession of the third person.—6 Cyc. 31. The defendant by his plea of not guilty entered into the consent rule.—*Swann & Billups v. Kidd*, 78 Ala. 173. The recovery could have been had under the demise from Anderson and Cameron as the Successors of Swann & Billups, trustees.—*Lecroix v. Malone*, 47 So. 725.

VAN DE GRAAFF & SPROTT, for appellee. The courts will not take judicial notice of a matter of private jurisdiction concerning only a few individuals or mere

[Alabama State Land Co. v. Matthews.]

local communities.—17 A. & E. Enc. of Law, 907. Defendant held adversely under his purchase at the time of the conveyance by the trustees to the plaintiff.—*Ala. St. L. Co. v. Kyle,* 99 Ala. 474. The law presumes that public officers do their duty.—*Duncan v. Wilson,* 74 Ala. 162. But these trustees were not public officers. Recitals in deeds or mortgages do not and cannot estop strangers and are evidence only against parties or their privies.—*Wood v. Lake,* 62 Ala. 489; *Naugher v. Sparks,* 110 Ala. 572. The rule of champerty applies in this case and the charges were properly given.

McCLELLAN, J.—Common-law ejectment. The defense invoked was adverse possession under color of title. All of the assignments of error relate to charges bearing on this defense.

Charge 3, given for defendant (appellee), has the sanction of *Goodson v. Brothers,* 111 Ala. 589, 20 South. 443. We do not find the doctrine there announced, and appropriated in charge 3, has been qualified since the rendition of that decision. The charge does not undertake, as seems to be the view of counsel for appellant, to define adverse possession. Its office was to deal with the openness, notoriety, and exclusiveness of possession, not adverse possession.

Charge 9 states a self-evident legal truth. The defendant claimed to have bought the land in suit, about 1872, from Col. N. M. Clements, and, having entered into the possession of it under claim, in good faith of ownership, was given a bond for title by Col. Clements. His testimony also tended to show that prior to 1880 he had paid in full the purchase money. There was evidence tending to prove that the payment in full had never been made by defendant. In 1886, Swann and Billups, trustees, undertook to convey the land in con-

troversy to the Alabama State Land Company, at a time when, defendant's evidence tended to show, it was in the adverse possession of defendant under the color of title afforded by the Clements bond for title to him. Clements never executed the deed to defendant; but, in 1891, Clements gave the Alabama State Land Company a quitclaim deed to the land sued for here.

Charge 5 and 6, given at the instance of defendant, sought the application of the principle that an instrument purporting to convey to another land held adversely to the purported grantor is void as to the party so adversely holding it. The first (5) concluded, upon condition of belief of the fact from the evidence, against the Swann-Billups deed, executed in 1886, to the Alabama State Land Company; and the other (6), against the Clements quitclaim deed executed in 1891. The former charge (5) omitted in hypothesis the asserted, by defendant, fact that he had paid, prior to 1886, the purchase money to Clements. The latter (6) hypothesized that fact. Counsel for appellant take the stated omission in charge 5 as rendering the charge bad, on the theory and argument that, until defendant had paid the purchase money to Clements, defendant's possession was that of Clements, and not adverse to Clements, and that, in conveyance, the principle asserted by the charge could not be availed of by defendant, but was available (if at all) to Clements, the then holder of the legal title.

As against all the world except his vendor, a vendee entering upon land under an executory contract of purchase holds adversely.—1 Cyc. p. 1049, and authorities cited in note 53. Besides, under the relation of trust existing, if the testimony to that end was credited, between Clements and defendant (*Rankin v. Dean,* 157 Ala. 490, 47 South. 1015), in 1886, whether the purchase

money had been fully paid or not, clearly brought de-
fendant within the class of persons for whose protection
the rules previal, avoiding sales and conveyances of
lands adversely held.—*Yarborough v. Avant,* 66 Ala.
532. Accordingly, the omission stated did not render
charge 5 bad.

Charge 6 was properly given. If defendant had,
prior to 1880, paid Clements the purchase money in full,
defendant's possession thereafter was adverse to Clem-
ents.—1 Cyc. pp. 1047, 1048 and citations made in note
44. Hence the conveyance of Clements in 1891 was, if
the facts hypothesized were so found, void as to defend-
ant.

Charges 12 and 13, given for defendant, asserted cor-
rect propositions of law.—*Hollingsworth v. Walker,* 98
Ala. 543, 13 South. 6; 1 Cyc. pp. 1046, 1047, and cita-
tions in note 78.

What has been said before in respect to charges 5
and 6 is applicable to charges 14 and 15, given for de-
fendant. The effort to give effect to Code 1907, § 3839,
is vain. This action is common-law ejectment, not the
statutory remedy in that nature. The adverse posses-
sion of a part of a tract of land described in an instru-
ment affording color of title, accompanied by a claim,
in good faith, of the whole therein described, operates
to refer the possession to the territory described in the
instrument. The rule is, of course, otherwise as to a
trespasser.—2 May. Dig. 82, subhead. 135, among other
authorities. Charges 14 and 15 were not erroneously
given to the jury.

Charge G does not limit payment of purchase money
to the land here sued for, whereas the evidence was that
defendant's purchase from Col. Clements included other
lands. The charge was well refused.

[McCreary, et al. v. Jackson Lumber Co.]

No prejudicial error appearing, the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.

## ON REHEARING.

PER CURIAM.—Appellee's counsel take the point, on rehearing, that it does not affirmatively appear from the bill of exceptions that the deed from Swann and Billups, trustees, to the Alabama State Land Company conveyed the lands in suit; and that, therefore, the elimination, by charges, of that deed from the jury's consideration could not be pronounced error to reverse, even if the question argued for appellant for the first time on rehearing was resolved in favor of appellant. The point is well taken; and the rehearing is, without determining the argued question, denied.

(Decided Feb. 26, 1907.    Rehearing denied June 30, 1910.    53 So. 103.)