(90 South. 300)
### SOUTHERN INV. CO. v. GALLOWAY.
(4 Div. 931.)

(Supreme Court of Alabama.　June 30, 1921. Rehearing Denied Oct. 13, 1921.)

**1. Vendor and purchaser ⬿198—Purchaser's duty to pay taxes, but in case of failure vendor may do so.**

In view of Code 1907, § 2093, under a contract for the sale of a lot on monthly payments requiring the purchaser to pay all taxes levied or imposed on the land, it was her duty to assess the lot for taxes and pay the taxes thereon, and, if she failed to do so, the vendor, to protect its rights, could assess the land and pay the taxes, and the purchaser would then owe the tax debt and interest to the vendor.

**2. Vendor and purchaser ⬿198—Purchaser to pay taxes after date of contract when year not specified.**

Under a contract for the sale of a lot on monthly payments, requiring the purchaser to pay all taxes levied or imposed on the land "subsequent to year ――――," it will be presumed that it was intended for the purchaser to pay the taxes after the date of the purchase, and she would not be responsible for taxes prior thereto.

**3. Vendor and purchaser ⬿182—Contract held to require purchaser to make specified monthly payments only, interest being paid therefrom.**

Under a contract for the sale of a lot providing for a cash payment and payment of "ten dollars per month until the whole contract is paid in full and interest at the rate of 8 per cent. per annum, payable annually on the whole sum remaining from time to time unpaid," the purchaser, in addition to paying taxes required by another provision of the contract, was only required to pay $10 a month until the full price with interest was paid in full, and the interest was to be paid out of the partial monthly payments, and the balance applied on the principal.

**4. Vendor and purchaser ⬿172—Price payable in installments held to bear interest from date of contract.**

Notwithstanding Code 1907, § 4620, under which a debt bears interest after maturity, under a contract for the sale of a lot on monthly payments providing for interest payable annually on the whole sum remaining from time to time unpaid, the unpaid purchase price bore interest from the date of the contract, as a contract, providing for a debt to be paid at a future date, with interest bears interest from date.

**5. Vendor and purchaser ⬿185 — Contract held not to be forfeited because of purchaser's neglect to pay a small amount of taxes.**

Under a contract for the sale of a lot for $825 on monthly payments of $10 each, where the purchaser had paid $300; which was more than the required monthly payments, and had made improvements worth $250, the contract will not be forfeited because of her failure to pay the taxes for two years, which could hardly have exceeded $20, and which the vendor might have paid from advance payments made by the purchaser; the purchaser being able and willing to perform the contract.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by M. C. Galloway against the Southern Investment Company, for the specific performance of a contract to convey land and to enjoin an unlawful detainer suit. Decree overruling demurrers to the bill, and respondent appeals. Affirmed.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

G. W. Reeves, of Florala, and Brassell, Brassell & Brassell, of Montgomery, for appellant.

The bill was defective, and subject to the demurrers. 39 Cyc. 1336; 13 C. J. 525. Equity will uphold the forfeiture provisions of the contract. 185 Ala. 71, 64 South. 55; 39 Cyc. 1605.

J. D. Bailey, of Florala, and S. H. Dent, Jr., of Montgomery, for appellee.

Forfeitures are not favored, but equity will grant compensation. 99 Ala. 90, 10 South. 293; 191 Ala. 310, 68 South. 149. The acceptance of the advance payment was a waiver of the forfeiture. 75 Ala. 109; 192 Ala. 111, 68 South. 259. The clause relative to taxes is void for uncertainty. 9 Cyc. 302; 13 C. J. 308. Interest should be calculated only on deferred monthly payments. 31 Mich. 215; 7 Words and Phrases, 6473.

MILLER, J. This is a bill of complaint filed by M. C. Galloway against Southern Investment Company to enforce specific performance of a contract of sale of a lot, and to enjoin an action of unlawful detainer suit filed by defendant for the possession of it.

On January 6, 1919, the complainant and defendant entered into a written contract for the purchase and sale of a lot in the town of Florala, Ala., for $825. Both signed the contract. It is made part of the bill. Complainant was placed in possession of the lot by defendant under the purchase contract. The contract provides:

"The party of the second part [complainant] hereby covenants and agrees to pay to said party of first part [defendant] the sum of eight hundred and twenty-five dollars in the manner following: Cash down payment $25.00 and ($10.00) ten dollars per month until the whole contract is paid in full and interest at the rate of 8 per cent. per annum payable annually on the whole sum remaining from time to time unpaid, and to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to the year ————."

Time was made an essence of the contract. It provided for forfeiture of entire amounts paid in the event of failure of the performance of any part of it by complainant.

The $25 cash payment was made. The $10 monthly payments were made until $225 more was paid, and on the 29th of November, 1920, she paid $50 more in advance on the contract. This makes $300 paid in all on the contract. On February 6, 1921, defendant furnished complainant with written statement, which is attached to the bill. It shows $300 paid: $25 of same was to her credit, to be applied February 6, 1921, as per the statement. There was no interest charged on the statement. No taxes were charged on this statement. She was charged with only $825 with

$275 credited on it, and stated, "Bal. to Cr. to be applied $25.00 February 6, 1921."

On February 23, 1921, the defendant attempted to purchase this lot from complainant for $150. She has placed permanent improvements on the property of value $850. The offer of defendant to purchase for $150 was refused. On March 3, 1921, about 10 days thereafter, complainant received notice from defendant to vacate said premises, and claiming that complainant had forfeited said contract, and "that the defendant has never made any demand for taxes or interest on complainant, and never has made any claim she owed taxes or interest that had not been paid up until she refused to sell her contract back to defendant, and on same date she was notified to vacate said premises." The bill avers complainant has performed her part of the contract, and if in this she is mistaken, she submits herself to the jurisdiction of the court, and will do as the court directs; that she is ready and willing and able to carry out her part of the contract, and defendant "refused to accept the tender of payments tendered them under the sale contract."

The defendant filed an unlawful detainer suit against complainant for this lot in the justice of the peace court. The prosecution of this suit was enjoined by the court below in this cause. The defendant filed demurrers to the bill, and the court overruled the demurrers. From this decree the defendant appeals, and assigns it as error.

[1, 2] This was a contract of sale. After January 6, 1919, the date of the contract, the complainant has been in possession of the property. It was her duty to assess this lot for taxes and pay the taxes annually on it after January 6, 1919. If she failed to assess it for taxes and pay the taxes on it, then defendant to protect its rights could do so, but complainant would still owe the tax debt and the interest thereon to defendant. In the contract the complainant agreed "to pay all taxes, assessments or impositions that may be legally levied or imposed upon said land subsequent to year ————." This being left blank, we will presume the contracting parties intended for complainant to pay the taxes after the date of purchase and not before. She would not be responsible for taxes prior to the purchase but should assess and pay all taxes imposed after the purchase. The taxes would be a lien on the lot. Section 2093, Code 1907.

[3, 4] The $25 cash payment was made by the complainant. This left $800 balance of the purchase money. This was to be paid, "ten dollars per month until the whole contract is paid in full and interest at the rate of 8 per cent. per annum, payable annually on the whole sum remaining from time to time unpaid." After the $25 cash payment was made, all the contract required com-

plainant to do was to pay the taxes, and $10 monthly until the $800, with interest on the balance "remaining from time to time unpaid," was paid in full. That part of the $800 "remaining from time to time unpaid" would bear interest at the rate of 8 per cent. per annum from date. The $800 would begin to bear interest from January 6, 1919, the date of the contract. Debts draw interest from their maturity by operation of law. When a contract for a debt matures it bears interest. Section 4620, Code 1907. If the contract provides for the debt to be paid at a future day, with interest, it bears interest from date. Campbell Printing-Press & Mfg. Co. v. Jones, 79 Ala. 475.

The $10 per month must be applied to the payment of interest and principal until the whole $800 is paid in full, with interest payable annually on the whole sum of $800 remaining from time to time unpaid, the interest to be paid annually out of the partial monthly payments, and the balance applied to the principal. Root v. Johnson, 99 Ala. 90, 10 South. 293; Campbell v. Jones, 79 Ala. 475; section 4620, Code of 1907.

In Root v. Johnson, 99 Ala. 90, 10 South. 293, this court, speaking through Chief Justice Stone, wrote:

"Forfeitures are not favorites in equity, and unless the penalty is fairly proportionate to the damage suffered by the breach, relief will be granted when the court can give by way of compensation all that could be reasonably expected."

[5] Has there been a forfeiture? If yea, should it be permitted in equity, if the defendant has not been and will not be injured thereby and the complainant would be? We think not. The contract bears date January 6, 1919. The first $10 was due February 6, 1919. The complainant has paid on these monthly installments or on the contract, $275, not including the $25 cash payment. If applied to the monthly payments, this would pay for 27½ months—11 months in 1919, 12 months in 1920, and 4½ months in 1921. This would make the monthly payments paid up to May 21, 1921, 2 months after the bill was filed on March 21, 1921. The record does not disclose the amount of the taxes. It could not be for more than two years, 1919 and 1920. If it was assessed at 60 per cent. of $825, the purchase price, the amount would be $495, the full amount required by law; the state and county taxes would hardly exceed $10 annually on $495. The taxes for 1919 were due October 1, 1919, and for 1920, October 1, 1920. They became delinquent January 1 after maturity. Section 2091, Code 1907. The taxes for these two years would hardly exceed $20. When this bill was filed, March 21, 1921, there was in the hands of the defendant to the credit of complainant,

$20 on this contract. This would no doubt have paid in full the taxes, and all monthly payments were paid. The statement rendered complainant by defendant February 6, 1921, shows "Bal. to Cr. to be applied $25.00 February 6, 1921." This would, no doubt have overpaid the taxes. The bill also avers, "Respondent has refused to accept the tender of payments tendered them under the sale contract on payment of said place," and complainant asks leave of the court to deposit the payments with the register for respondents.

If the court permits the contract to be forfeited, complainant would lose $300 cash payments, and $250 in improvements. The complainant would lose $550, and defendant gain it, if the contract is forfeited. If the contract is enforced, complainant will lose nothing, and respondent will not be damaged, but receive the entire purchase money, interest, and taxes paid. This being true, it should be enforced and not forfeited. Root v. Johnson, 99 Ala. 90, 10 South. 293; Franklin v. Long, 191 Ala. 310, 68 South. 149.

The complainant has displayed a willingness and ability to perform her part of the contract, and the court will permit her to do so. She paid the defendant at one time, in November, 1920, $50 cash in advance payments. This could have been applied to the payment of taxes if defendant has paid them.

The defendant has displayed a desire to get the property back and a determined effort to declare the contract forfeited. This it should not be permitted to do, as long as the complainant is ready, willing, and able to perform her part as shown by the allegations of the bill.

The demurrers to the bill were properly overruled by the court.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.