PER CURIAM.
There was reversible error in the trial court’s entry of a summary judgment ordering defendant, Bradley Homes, Inc., to deliver a warranty deed to the plaintiffs Gonzalez.
We hold that the agreement for deed which provides in pertinent part that,
“. . . the Purchaser hereby conven-ants and agrees to pay to the Seller the sum of $11,200.00 in the manner following: $600.00 cash in hand, the receipt of which is hereby acknowledged, and $76.00 on the first day of November, 1955, and thereafter the sum of $76.00 on the first day of each and every month until the entire remaining unpaid balance shall be paid in full, together with interest thereon at the rate of 6% per annum payable monthly as herein set forth on the whole sum remaining from time to time unpaid. . ” (emphasis added)
is clear and unambiguous and calls for payment of interest of 6% on the unpaid balance. Compare Southern Inv. Co. v. Galloway, 206 Ala. 445, 90 So. 300 (1921). The balance due and owing, and whether or not Bradley Homes is estopped by its actions to recover such sums, are questions of material fact.
Reversed.