PER CURIAM.
The defendants appeal from an adverse judgment in the plaintiffs’ action to quiet title to a parcel of land which plaintiffs claimed by adverse possession by prescription. See Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). We affirm.
The land in question consists of ten acres located in Baldwin County. The evidence for the plaintiffs showed that the defendants, Frederick Rohrer and others, derived legal title through one Walter Pederson, and that Rohrer and Pederson had paid the taxes on the parcel. In 1940 John and Hilma Allen, husband and wife, moved onto the land. They cleared one acre in the northwest corner and built a small log cabin, and thereafter cleared about an acre per year. Between 1940 and 1958, they continuously used about one and one-quarter acres around the house site and rotated the planting of a garden among the remaining acreage. The Allens sharecropped some of the land from 1940 until 1958, when they moved to Fairhope. A mentally retarded relative of John Allen’s lived in a log barn for most of the time the Allens were not living at the place. The Allens moved to Fairhope for economic necessity, and then to Robertsdale, and to Elsanor. The evidence is not disputed that they lived away from the land for approximately five years. Shortly after they moved their log cabin burned, destroying the possessions they had left there. During this period of their ab *1055 sence, nevertheless, they visited the place approximately every other week and sometimes every week. There was no dwelling house on the property from 1958 until around 1963, although the log barn was there. During that period, a relative who lived nearby used a portion of the property for a pea patch. In 1963, they began building another house on the site of the log cabin, and between 1963 and 1978, the property was leased by them to others for farming. The Allens’ mailbox, bearing their name, had been located on the road fronting the land for forty years, and it was established that the property had a community reputation as the “Allen place.” Additionally, there was testimony to the existence of fences which, although they did not fully enclose the land, were moved from time to time to protect rotating vegetable gardens from stock running at large.
In its decree the trial court found that the plaintiffs have been in the “actual, open, hostile, notorious, continuous, and exclusive possession of the tract ... since the 1940’s.... ” On this appeal the defendants challenge that finding as having no factual basis; that is, that the evidence does not support a finding that the plaintiffs’ possession was continuous over the necessary twenty-year period. Our study of the record reveals that there was substantial evidence to support the trial judge’s determination. The most critical issue is whether, as a matter of law, the evidence showed a continuity of possession.
The following evidence was given at trial to show that, even though the Allens did not reside on the property from 1958 to 1963, they still exercised dominion and possession over the property during that period:
(1) They went back and visited the land practically every weekend. On those visits they would cut grass and clean up and many times camped on the land.
(2) Mr. Allen, from time to time, returned to the land to check on things and to visit his brother.
(3) When the family moved to Fairhope, they left their furniture and possessions in the cabin located on the land, until the cabin burned and the possessions therein were destroyed.
(4) After the cabin burned, the family cleared away the rubbish in preparation to build a new house.
(5) The Allens’ log barn continued to exist on the property with Mr. Allen’s brother, Jason, living in it part of the time.
(6) The Allens’ mailbox, bearing their name, remained on the road fronting the property.
(7) One neighbor testified that the Allens had farmed the land practically every year since they first moved there, and that they had things planted on the land while they were gone.
(8) Another neighbor testified that he saw the Allens around the property so much that he did not know they had ever moved from it.
(9) A third neighbor testified that the Allens had always used the land in the same way as the surrounding landowners, and that it was his understanding that the Al-lens had continued to own the place during the period that they didn’t actually reside there.
In Turnham v. Potter, 289 Ala. 685, 690, 271 So.2d 246 (1972), this Court stated:
“It is not necessary to physically reside upon land to establish title by adverse possession. Moorer v. Malone, 248 Ala. 76, 26 So.2d 558 (1946). Land need only be used by an adverse possessor in a manner consistent with its nature. Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174 (1910). As was said in Matthews:
“ ‘[Ojpenness and notoriety and exclusiveness of possession are shown by such acts in respect of the land in its condition at the time as comport with ownership— such acts as would ordinarily be performed by the true owners in appropriating the land or its avails to his own use * * *.’ 168 Ala. 201, 53 So. 174.” (Emphasis added.)
*1056 A similar principle was stated by this Court in the case of Fuller v. Yancey, 281 Ala. 126, 129, 199 So.2d 666 (1966), wherein we stated:
“We also observed in Morris v. Yancey, 267 Ala. 657, 104 So.2d 553 (1958):
“ ‘In regard to the evidence of the defendant going to show possession of the entire section, we observe that the kind of possession is determined by the condition of the land, not with reference to its being changed into another state, but its then present state. Openness, notoriety and exclusiveness are shown by acts which at the time, considering the state of the land, comport with ownership such as would ordinarily be done by an owner for his own use and for the exclusion of others. Kidd v. Browne [200 Ala. 299, 76 So. 65], supra.’
******
“It appears from the evidence that defendants treated the land in every respect as the owners thereof, or at least the jury could have so found from the evidence. This evidence tended to show openness, notoriety, and exclusiveness by acts which at the time, between 1927 — 49, could, considering the state of land, comport with ownership, such as would ordinarily be done by an owner for his own use to the exclusion of others.”
This Court stated further in Kubiszyn v. Bradley, 292 Ala. 570, 575, 576, 298 So.2d 9 (1974):
“The erection and maintenance of a fence is one of the clearest symbols of possession. Graham v. Hawkins, 281 Ala. 288, 202 So.2d 74 (1967). Cutting of timber, although it may not, standing alone be sufficient, is one factor to consider. Cf. Lay v. Phillips, 276 Ala. 273, 161 So.[2d] 477 (1964); Smith v. Brown, [282 Ala. 528, 213 So.2d 374] supra. Cultivation is an act of possession or ownership, although not conclusive in all cases. Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971). In sum, to constitute an actual possession of land, the question is whether the adverse claimant has put the land to such use as it is reasonably adapted. James v. Mizell, 289 Ala. 84, 265 So.2d 866 (1972); Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174 (1910). Although possession must be continuous, it is not necessary that each type act be continuous. It would be unreasonable to require a landowner to use continuously all the land enclosed within his fences. James v. Mizell, supra.
“In applying these principles to this case, our oft-stated rule of review is that when the trial court has heard the evidence orally, its decree is favored with a presumption of correctness, which will not be disturbed on appeal unless plainly erroneous or manifestly unjust. Morgan v. Larde, 282 Ala. 426, 212 So.2d 594 (1968); Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548 (1966). When so viewed, we think there is ample evidence which would establish that the Bradleys and their predecessors in title have held adverse possession of the disputed property east of the road and up to the fence line for a period of considerably more than twenty years.” (Emphasis added.)
In view of the principles set out in these cases, we are of the opinion that under the evidence, the trial court could have found that the Allens had established adverse possession under the facts of this case.
“ ‘Where the trial court makes findings after hearing witnesses ore tenus, every presumption will be indulged in favor of the court’s findings, and its findings will not be disturbed on appeal unless they are found to be palpably wrong.’ Russell v. Russell, 361 So.2d 1053, 1054 (Ala.1978).”
The finding in this case is not palpably wrong, manifestly unjust or contrary to the great weight of the evidence offered at trial; therefore, the judgment entered based upon that finding of fact is due to be affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C. J., and JONES and BEAT-TY, JJ., dissent.