In re Eliza **MUMPFIELD**, Debtor.

Eliza **MUMPFIELD**, Plaintiff,

v.

**R.B. LEAVELL and Curtis C. Reding, in his capacity as Bankruptcy Trustee, Defendant.**

Bankruptcy No. 91–04459.
Adv. No. 91–0197.

United States Bankruptcy Court,
M.D. Alabama.

Dec. 17, 1991.

Laura L. Robinson, Legal Services of Alabama, Montgomery, Ala., for plaintiff.

Barry C. Leavell, Montgomery, Ala., for defendant.

## OPINION ON COMPLAINT
## TO RECOVER MONEY
## OR PROPERTY

RODNEY R. STEELE, Bankruptcy Judge.

In this Chapter 13 case filed on September 23, 1991, and now awaiting a decision on confirmation and a decision on a motion to lift stay filed by R.B. Leavell, the debtor filed a complaint on October 9, 1991, seeking to have this court determine that the actions of R.B. Leavell, the defendant, in seeking to terminate the interest of this debtor in a contract for the sale of real property and further seeking eviction against her in the Circuit Court of Montgomery County, Alabama is invalid or that these actions should be set aside.

The purpose of the adversary is to have relief against Leavell's actions in seeking to terminate the rights of defendant in a contract for sale of realty for the purpose of saving her home and paying for it over time under the contract in this Chapter 13 case.

### FACTS

Debtor and Leavell made a contract on August 23, 1974 for the sale of Lots numbered 9 and 10 in Block No. 4 of Villa Heights in Montgomery. The debtor as purchaser was to pay $10,764.73 by assuming payments from Thomas Earl Kendrick. The payments were $84.90 per month with interest. The contract further provided that it was subject to any rights of redemption as a result of the foreclosure of this same property by Leavell against an unnamed mortgagor, and further was subject to any rights or interest of Kendrick and his wife.

Thereafter, and for 17 years, until early 1991, the debtor made regular payments to Leavell and now owes approximately a balance of $5,000. The property is worth $15,000, according to the pleadings.

The debtor then fell behind in her payments in June of 1991. The seller, Leavell, gave notice to her of the default, and threatened her with cancellation of the contract. She failed to make the payments, and on June 18, 1991, the defendant wrote the plaintiff a letter stating that the bond for title agreement was terminated. Then on July 11, 1991, the defendant filed an eviction proceeding in the District Court of Montgomery County to evict Mrs. Mumpfield from this home. Her motions to vacate the judgment were denied in the District Court, and she appealed to the Circuit Court of Montgomery County where this

matter was pending when the bankruptcy case was filed.

It appears that Mrs. Mumpfield, sometime in early 1991, sought the assistance of an attorney to determine what the amount of her remaining payments were to Mr. Leavell. The attorney contacted Mr. Leavell in an effort to determine payments, and thereafter, the above events ensued. The debtor proposes to pay $120 per month to Mr. Leavell on the balance of the amount owed him, which amounts are in excess of those called for by the contract, and would pay the contract out in full.

The debtor is still in possession. The eviction action is pending on appeal to the Circuit Court of Montgomery County, Alabama.

Debtor's plan in the Chapter 13 case has been recommended for confirmation. The defendant seeks a lifting of the stay to prosecute the eviction action in the state court.

## CONCLUSIONS

We must conclude that the actions of the defendant constitute a forfeiture and as such they are due to be set aside.

■ It is correct that under the latest decisions of the Alabama Supreme Court concerning contracts for the sale of land, the debtor had no legal interest and no equitable interest in the property under the contract for sale. She simply had a contract which would permit her to draw the legal title to the property to her upon completion of all payments under the contract. *Gay v. Thompkins*, (Ala.1980) 385 So.2d 973 is a case involving the rights of the vendee. Therein, the court, after a full review of the Alabama cases, adverted to an early case in Alabama which held according to *Gay.*

This statement makes it clear that the doctrine of 'equitable mortgage' did not apply to the relation of vendee to vendor under a land contract, but only to the bond aspect if any, of any such transaction. In other words, the parties to the land contract could rely upon the principles governing the right to specific performance. But if, in addition, a vendor's 'bond' was given, and that bond was assigned to a vendee's surety, the bond

gave that assignee a right to the land which he could exercise against the vendees if they had not repaid the sureties. It is clear that this remedy was not against the vendor and did not give the vendee any 'equitable mortgage' rights against the vendor.

■ But there was a contractual relationship here, and the contract in the hands of Eliza Mumpfield was a valuable right covered by the definition of property of the estate. See Title 11, U.S.C. § 541. It is a part of "all legal or equitable interest of the debtor in property."

It may be argued that it is not property as of the commencement of the case because of the acts of the defendant in terminating the contract and seeking eviction, but the debtor does have some interest since she is still in possession. The determination of whether she has a right to possession is still pending in the circuit court of Montgomery County, Alabama. Those proceedings are stopped by this bankruptcy.

■ Moreover, under the law of Alabama, the acts of the defendant constitute an unconscionable forfeiture of the contract rights of this debtor. See *Southern Investment Co. v. Galloway,* (1921) 206 Ala. 445, 90 So. 300. We note as in that case, that if the contract is enforced, the debtor will lose nothing, and the defendant will not be damaged but will receive the entire purchase price under the terms of the plan in this case, in payments which exceed the original contract payments.

■ We are reinforced in the conclusion that this contract is property of this estate by reference to 11 U.S.C. § 541(c)(1)(B). That section relating to forfeitures provides that an interest of the debtor becomes property of the estate under subsection (a)(1) of that section, notwithstanding any provision in an agreement, transfer, instrument or applicable non-bankruptcy law that is conditioned on the taking possession by a trustee or custodian before the commencement of a case and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property. In this case, the acts of R.B. Leavell in seeking to

terminate the contract and evict this debtor constitute a forfeiture under the terms of the agreement or applicable non-bankruptcy eviction law. And it is clear from the Alabama cases that while debtor may not have any legal or equitable interest in the property itself, by contract the vendor becomes a trustee of the estate for the purchaser and the purchaser a trustee of the purchase money for the vendor. *See McGuire, et al v. Andre,* 259 Ala. 109, 65 So.2d 185 (1953). And *see Burger Phillips Co. v. Commissioner of Internal Revenue,* 126 F.2d 934 (1942); *Rankin v. Dean,* 47 So. 1015, 157 Ala. 490; *Bay Minette Land Co. v. Stapleton,* 139 So. 342, 224 Ala. 175 (1932).

The conclusion is that where the debtor has over a 17 year period substantially performed the requirements under the contract, and is guilty of only a breach of the contract which is not substantial, she ought not to forfeit the right under the contract to complete the payments which can be done in four and one-half years and obtain the right to a specific performance of the contract from Leavell.

An appropriate order will enter setting aside the termination of the contract and the attempted eviction, and directing that the contract is in full force and effect, and is to be paid by the debtor under the terms of the plan.

What we have said above makes it unnecessary to entertain the questions raised by the debtor concerning whether the actions of the defendant constitute a preference and a fraudulent transfer.