## Bledsoe *v.* Price & Co.

*Bill in Equity for the Determination of Claims to Land and to Quiet Title to the same, and for other Relief*

[Decided June 17, 1902.]

1. *Bill to determine and quiet title; including other than statutory averments; does not destroy equity of bill.*—A bill containing the necessary allegations and prayer under the statute "to compel the determination of claims to real estate in certain cases and to quiet title to the same," (Code, §§ 809-813), is not rendered demurrable, and its equity is not destroyed by including therein additional averments and prayer for relief under the general practice of equity for the cancellation of a deed of conveyance, nor do such additional averments render the bill multifarious.

2. *Same; equity not destroyed by special prayer.*—The nature and character of a bill in equity must be determined from the consideration of the facts averred therein, and if a bill filed under the statute to compel the determination of claims to real estate and to quiet title thereto, (Code, §§ 809-813), contains the necessary statutory averments, its equity is not destroyed by including therein a special prayer for relief under the general practice of equity.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the partnership of R. W. Price & Co. against Thos. H. Bledsoe, Sarah A. Bledsoe and Henry T. Bledsoe.

It was averred in the bill that in December, 1884, one R. P. Bledsoe, Sarah A. Bledsoe and J. M. Wright,

were tenants in common of certain lands specifically described in the complaint; R. P. Bledsoe owning an undivided two-thirds interest in said lands and Sarah A. Bledsoe and J. M. Wright jointly owning the remaining one-third interest; that on December 30, 1884, R. P. Bledsoe, for the purpose of securing a debt, executed a mortgage to one John G. Allen upon his undivided interest in said lands; that said mortgage was transferred by said John G. Allen to Ann Allen; that in the year 1888, the lands described in the bill were voluntarily partitioned between said R. P. Bledsoe, Sarah A. Bledsoe and J. M. Wright; that upon default being made in the mortgage, it was foreclosed and C. E. Allen became the purchaser at the foreclosure sale; that subsequent to said purchase, C. E. Allen, J. M. Wright and Sarah A. Bledsoe, with the intention of ratifying and confirming the partition of said lands theretofore made, partitioned the lands among themselves, and each of said parties entered into the possession of said lands set apart to them respectively; that said partition was made in ignorance of the fact that T. H. Bledsoe would set up any claim to the lands set apart and conveyed to C. E. Allen, and that said partition would not have been made if the existence of T. H. Bledsoe's claim had been made known to said Allen; that by reason of the failure to properly index the deeds of partition between the said R. P. Bledsoe, Sarah A. Bledsoe and J. M. Wright, the interest of said Thomas H. Bledsoe in such lands could not have been discovered by said Allen, or the complainants by the exercise of due diligence or careful examination of the general indices of the record of deeds of Marengo county, Alabama. That on October 28, 1898, the said Charles E. Allen sold and conveyed to the complainants the portion of the lands sued for and conveyed to him in said partition proceedings; that the complainants "immediately took possession of said lands and remained in peaceable possession thereof up to the time of the filing of the bill, and have made numerous and valuable improvements thereon since

their purchase and no suit is pending to test or enforce the validity of their title or that of any other person to said lands." It was then averred in said bill "that Thos. H. Bledsoe claims or is reputed to claim some right, title or interest in and to the lands so conveyed to them by C. E. Allen, under some conveyance from R. P. Bledsoe to him. But orators aver that if in fact said T. H. Bledsoe received any conveyance from R. P. Bledsoe, that the same was purely voluntary." It was then averred that said Thos. H. Bledsoe was the son of R. P. Bledsoe and that J. M. Wright had sold and conveyed all his interest in the lands set apart to him to Henry T. Bledsoe.

The prayer of the bill was as follows: "that each of the defendants be required to set forth his or her title to said land or any portion thereof, and what part, and how and by what instrument or instruments created, and that it be decreed that Thos. H. Bledsoe has no title to the said lands adverse to your orators and that any conveyance he may have from R. P. Bledsoe to the said lands or any portion thereof be ordered to be delivered to this court, and that the same be cancelled and held for naught, and that the partition of said lands heretofore made be established and confirmed by this Honorable Court, and for such other and further orders, decrees and relief to which orators are entitled, and the practice of this court may require." To this bill the defendant, Thos. H. Bledsoe demurred upon several grounds, which, for the purpose of this appeal, may be summarized as follows: 1. To so much of said bill as seeks relief as against this respondent, upon the ground that said bill is without equity. 2. There is no equity in said bill. 3. Said bill so far as the same seeks relief as against this respondent, is multifarious. 4. Said bill shows that complainants bought with actual or constructive knowledge of the interest of this respondent. 5. Complainant's remedy at law is unembarrassed. 6. Respondent especially demurs to the prayer of said bill; for that the same is inconsistent with the scope and purpose of the bill. 7. Because

said prayer is not germane to the allegations of said bill. 8. Because the relief prayed for seeks to have respondents suggest their titles on the records of this court, when the bill shows that the respondent has no interest in said partition or the ratification of the same. 9. The relief played for is inconsistent, irrelevant and not germane to the allegations of said bill. The defendant, Thos. H. Bledsoe, also made a motion to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers and motion to dismiss, the chancellor rendered a decree overruling each of them. From this decree the defendant appeals, and assigns the rendition therof as error.

T. H. BLEDSOE, for appellant, cited Code, §§ 809-813; *Ward's Case*, 104 Ala. 122; *Inter State B. & L. Asso., Case*, 124 Ala., 109; *Bullock v. Knox*, 96 Ala. 195; *Sloss S. S. & I. Co. v. Board of Trustees*, 130 Ala; *Asso. v. Stocks*, 124 Ala. 109.

WILLIAM CUNNINGHAME, *contra*, cited Code of 1896, §§ 809-810-811; *B. & L. Asso. v. Stocks*, 124 Ala. 109; *Sloss &c. Co. v. Trustees*, 130 Ala. *George v. R. R. Co.*, 101 Ala. 607; 6 Pleading & Prac., 416; 3 Brick. Dig. 377, § 152; 390, § 372.

TYSON, J.—Confessedly the averments of the bill, in stating how, in what way and from what source the complainants became the owners of the land, and in describing the claim of the respondent, go beyond the requirements of a bill framed under sections 809 *et seq.* of the Code.—*Inter-State B. & L. Asso. v. Stocks*, 124 Ala. 109. The fact that it contains these things, in connection with the averment that complainants are in peaceable possession of the land, does not impair its efficiency as a bill under the statute. Nor does the fact that in the prayer the cancellation of the muniment of title under which the respondent claims to own the lands in controversy is asked, destroy the equity

of the bill as a bill under the statute, nor render it multifarious.—*Sloss-Sheffield Steel & Iron Co. v. Board of Trustees of University of Ala.*, 130 Ala. 403.

The nature and character of the bill must be determined from a consideration of the facts averred in it. And if upon the facts stated, the bill has equity, the special prayer will not destroy that equity.—*McDonnell & Co. v. Finch,* 131 Ala. 85.

The bill under consideration was not subject to any of the grounds of demurrer interposed, whatever may have been its defects in other respects, and contains equity.

The decree of the chancellor overruling the demurrer and motion to dismiss for want of equity is affirmed.