# Pickler v. The State.

*Action by State for Sale of Lands for Taxes.*

(Decided Feb. 5th, 1906. 42 So. Rep. 1018.)

*Taxation; Assessment to two Parties; Payment by One; Effect.*—
When lands are assessed to two different people for the same
year, and one of such persons pays the taxes on such land for
that year, the lien for taxes as to that land for that year is
discharged, and no collection can be had under the other as-
sessments:

APPEAL from DeKalb Circuit Court.
Heard before Hon. W. W. HARALSON.
The taxes on certain real estate having been assessed
against this appellant, and not having been paid, the
judge of probate of DeKalb county entered an order for
the sale of the lands. An appeal from the order was
taken to the circuit court, and upon issue tendered by
the state the defendant replied: 1st. No valid assess-
ment. 2. Want of notice; and, 3rd, that the lands upon
which it was alleged that taxes were due, were at the
time they were assessed to this defendant, in the adverse
possession of other named parties, that they had as-
sessed them for taxes and had paid the taxes on them,
and that this fact was known to the assessor and col-
lector, or could have been known by reasonable dili-
gence. Demurrers were interposed to these last pleas,
and sustained. On the trial the defendant offered to
prove that each parcel of land assessed to him, and for
which judgment was sought for taxes, was at the time
of the assessment in the adverse possession of other
named persons, who had given the same in for assess-
ment and had paid the taxes on them. On motion of
the state this testimony was excluded. These, and
other questions not necessary to be here set out were
presented for review, upon the finding of the trial court
that taxes were due by this appellant upon the lands

described therein. The court below made its findings of fact without the intervention of the jury, and certain findings were presented also for review, but as they are not mentioned in the opinion, they are not here set out.

LEE, LEE & LEE, for appellant.

MASSEY WILSON, Attorney General, for appellee.

McCLELLAN, J.—This appeal is from a judgment of the circuit court, to which the matter had been removed by appellant under section 4069 of the Code of 1896. On proper request of the parties there was a special finding of the facts by the trial judge. There are many assignments of error, but the occasion requires the discussion of only one of them.

The appellant, on the trial below, offered testimony tending to show that the lands condemned to sale by the probate court decree had, prior to the rendition of that decree, been assessed for taxation for that tax year (1904) by other persons, who were in possession thereof at the time of assessment, and that the taxes due under said assessments had been by such persons in possession fully paid. On objection by the state, this proffered testimony was not admitted. The record shows an assessment of the same lands to appellant for the tax year 1904. So the case is one where there were two assessments of the same lands, and payment of the taxes assessed against them under one of the assessments. Where there are two assessments of the same lands by different persons for the same year, and payment of the taxes is made by one under his assessment, the lien for the taxes on that subject of taxation is wholly discharged, and no collection of the taxes under the other assessment can be made. The state is entitled to only one tax on one subject thereof, and the rule declared best gives effect to that truism.—*Wilbert v. Michel*, 42 La. Ann. 853, 8 South. 607; Desty on Tax. p. 812 et seq.; 2 Cooley on Taxation, p. 810, and note.

It follows that the trial court erred in refusing to admit testimony tending to show assessment and payment

[Pickler v. The State.]

of the taxes by parties other than the appellant; and for this reason the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.