[Doe, ex dem. Standifer v. Styles.]

# Doe, *ex dem.* Standifer *v.* Styles.

## *Ejectment.*

(Decided January 22, 1914. 64 South. 345.)

1. *Taxation; Tax Sales; Compliance With Statute.*—There must be a substantial compliance with the statutory requirements in order to divest title to real estate by a tax sale.

2. *Same; Burden of Showing Validity.*—One who asserts rights under a tax sale of realty has the burden of showing substantial compliance with the statutes.

3. *Same; Decree; Signature of Judge.*—The failure of the judge of probate to sign the decree for the sale of land for taxes renders the sale void; hence, the purchaser could not rely on said sale to support a claim of adverse possession under the three year limitation statute.

4. *Same; Deed; Adverse Possession Under.*—In order to enable a purchaser at a tax sale to claim by adverse possession under the three year statute of limitation, he must have had actual possession of the land.

5. *Same; Evidence.*—The payment of taxes on the land and offers to sell it are merely evidence of a claim to the land, and not evidence of the actual possession requisite to adverse possession under the three year statute of limitation under a tax sale deed.

6. *Adverse Possession; Sufficiency.*—The mere fact that a purchaser of land at a tax sale rode over it for three hours at a time about six times a year for a few years after the attempted tax sale, was not evidence of such acts of possession as to establish title by adverse possession under said sale; no improvements having been made and nothing having been done to mark physical dominion by claimant.

APPEAL from Gadsden City Court.

Heard before Hon. W. T. MURPHREE, Special Judge.

Ejectment by John Doe on the demise of Standifer against Richard Roe with notice to J. T. Styles. Judgment for defendant and plaintiff appeals. Reversed and remanded.

E. O. McCORD, and JOHN INZER, for appellant. The evidence was not sufficient to show adverse possession on the part of appellee and those under whom he claims.

—*Rucker v. Jackson,* 60 South. 139; *Hoyle v. Mann,* 144 Ala. 516; *Powers v. Hatter,* 152 Ala. 636; *Jackson L. Co. v. McCreary,* 137 Ala. 238; *Lecroix v. Malone,* 157 Ala. 434.

CULLI & MARTIN, for appellee. A plaintiff must recover on the strength of his own title, and not on the defects of that of his adversary.—*McCreary v. Jackson L. Co.,* 148 Ala. 237, s. c. 168 Ala. The appellant showed sufficient adverse possession under the tax sale, having held the same for three years or more.—Sec. 2311, Code 1907; *Capehart v. Guffey,* 130 Ala. 428; *Bankhead v. Hooper,* 171 Ala. 637; *Reddick v. Long,* 124 Ala. 265; *Owen v. Moxon,* 171 Ala. 623, and authorities cited in these cases.

McCLELLAN, J.—Common-law ejectment. The defenses asserted were these: Tax title, resulting from a tax sale made in 1892 for taxes for the year 1891; three years' adverse possession under the tax statute limitation to that end (Code 1886, § 606; Code 1907, § 2311); adverse possession of ten years under the color of title afforded by the tax deed.

Before the title of the owner of real estate can be divested by proceedings to enforce the payment of taxes, substantial compliance with the statutory requirements therefor must be had; the burden to show such compliance being upon him asserting rights under a tax proceeding.—*Hooper v. Bankhead,* 171 Ala. 626, 635, 54 South. 549; *Reddick v. Long,* 124 Ala. 260, 27 South. 402; *Johnson v. Harper,* 107 Ala. 706, 18 South. 198.

It was (in 1891-92) and is now required by statute that decrees for the sale of lands to enforce the payment of taxes shall, when entered, "be signed by the judge of probate."—Code 1907, § 2278. The decree upon

which the pertinent defenses mentioned in the first of the opinion are rested was not signed by the judge of probate as the positive law required. This omission operated to render void the attempted tax sale and conveyance of the land in question, and also, of course, prevented the inception of any right under the statute (Code 1886, § 606) giving effect to three-year limitation after adverse possession by a purchaser at a tax sale.

Besides, there is no evidence tending, in any degree, to show such actual possession of this land by Hudgins, the purchaser at the tax sale (even if it were valid), as put into operation the three-year statute of limitations noted before.—*Hooper v. Bankhead,* 171 Ala. 626, 633, 634, 54 South. 549. Nor is there evidence tending, in any degree, to show adverse possession for ten years, before suit was brought, under color of title. The evidence here, differing in that respect from *McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822, purports in every instance, where possession is affirmed as in support of defendant's assertion to that end before the year 1900, to disclose what was done in exposition of possession of this land.

The payment of taxes on land is evidence of claim to land, but is not evidence of actual possession of land. So, too, efforts or offers by one to sell a tract or parcel of land is evidence of claim thereto, but is not evidence of actual possession thereof. Actual possession of land and a claim to land are district conceits; and evidence to sustain the assertion of them is not to be confused.

All that is left in this record to support the asserted adverse possession, other than the feature of claim thereto, is riding over the land, for three hours at a time, about six times a year for a few years after the tax sale was attempted to be had. Manifestly this was no evidence of such physical proprietorship as could

ripen into title. It is shown by defendant that Hudgins, who did not attempt to convey until 1900, did absolutely nothing to mark his physical dominion of the land. He cut no growth from the land. He made no improvement of any character upon the land. He simply claimed it and rode over it at long and irregular intervals.

Our conclusion is that the plaintiff was entitled to the affirmative charge requested by the plaintiff.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.