{85 South. 440)

## GALLOWAY COAL CO. v. WARRIOR BLACK CREEK COAL CO.
### (6 Div. 5.)

(Supreme Court of Alabama.  Feb. 12, 1920.)

**1. Judgment ⬯470—Lapse of time gives rise to presumption of jurisdiction.**

After the lapse of 20 years the law will presume. that all necessary steps to give a court jurisdiction in proceedings before it have been taken, and that the proceedings were regular in all respects, a rule which is one of repose, and, as related to the title of realty, operates in favor of one in possession and against those who allowed the period to elapse without active assertion of their, rights.

**2. Taxation ⬯788(3) — One claiming under tax title has burden to show regularity of proceeding.**

In absence of actual possession by one claiming under tax title, or in case of possession short of period prescribed by the statute of limitations (Code 1907, § 2311), no presumptions are indulged in favor of a regularity of proceedings for the sale of ₐlands for non-payment of taxes, and one asserting rights under such title, unless relieved by statute, has the burden of showing validity and regularity of proceeding.

**3. Adverse possession ⬯88—Payment of taxes not evidence of possession.**

While payment of taxes on land is evidence of a claim thereto, it is not evidence of actual possession.

Appeal from Circuit Court, Walker County; J. J. Curtiss, Judge.

Bill by the Warrior Black Creek Coal Company against the Galloway Coal Company to quiet title to the mineral interest in certain lands. From decree for complainant, respondent appeals. Affirmed.

J. H. Bankhead, Jr., of Jasper, for appellant.

Respondent's right has become absolute by prescription. 171 Ala. 544, 54 South. 685; 170 Ala. 289, 54 South. 415; 160 Ala. 425, 49 South. 578, 135 Am. St. Rep. 107. After 30 years, the proceedings leading to the tax sale will be presumed to have been in all things regular. Section 4846, Code 1907.

A. F. Fite, of Jasper, for appellee.

The doctrine of prescription has never been applied to tax sales, but persons asserting title thereunder must show that in all things they were regular. 202 Ala. 11, 79 South. 309; 190 Ala. 569, 67 South. 381; 174 Ala. 616, 56 South. 995, 40 L. R. A. (N. S.) 890; 155 Ala. 571, 46 South. 853; 145 Ala. 159, 41 South. 297, 117 Am. St. Rep. 26.

BROWN, J.  This is a bill filed under the statute to quiet title; and this appeal in-volves only the mineral rights to a 40-acre tract, the appellant having disclaimed as to the other lands described in the bill.

The complainant shows a complete paper chain of title from the government unto itself, and the assessment and payment of taxes by it and those under whom it claims for the years 1882 to 1900, inclusive, except the year 1890, and from the year 1901 to 1918, inclusive, except the year 1907, and the assessment for 1919.

The respondent, appellant here, relies on a tax deed, and in support thereof showed that in the year 1890, the land not being assessed for taxes by the then owner, was assessed to owner "unknown," and on the 16th day of June, 1891, sold for taxes for the year 1890, and bought in by J. R. Gunter and R. A. O'Rear; and on July 14, 1893 (Gunter having in the meantime assigned his interest to E. O'Rear), the judge of probate of Walker county executed and delivered to the O'Rears. a tax deed to the land, which was duly acknowledged and recorded.  The respondent showed a complete chain of conveyances from the O'Rears to it, and, further, that it (respondent) and those under whom it claims assessed the land for taxes for the years 1898 to 1904, inclusive, and for the years 1907 to 1919, inclusive; the taxes being paid by it for all the years except 1919, and at the time of the submission of the cause taxes for such year were not then due.

There is no evidence that either of the parties, or those under whom they claim, have ever been in actual possession of the mineral rights; and the respondent makes no effort to show that the probate court of Walker county acquired jurisdiction for the sale of the land, or that the proceedings leading up to the sale were regular; but to supply this link in its chain of title insists that after the lapse of 20 years, in the absence of evidence to the contrary, the law will presume that the court acquired jurisdiction, and that its proceedings were regular, to support the respondent's title thereunder.

[1] There is a general doctrine, often recognized and applied by this court, that after the lapse of 20 years the law will presume that all necessary steps to give a court jurisdiction in proceedings before it have been taken, and that the proceedings therein are in all things regular.  McArthur v. Carrie, 32 Ala. 75, 70 Am. Dec. 529; Ala. Coal & Coke Co. v. Gulf Coal & Coke Co., 171 Ala. 544, 54 South. 685.  This, however, is a rule of repose, and, as related to the title of real property, operates in favor of one in possession and against those who have allowed the period to elapse without an active assertion of their rights.  Bozeman v. Bozeman, 82 Ala. 389, 2 South. 732; Garrett v. Garrett, 64 Ala. 263; Harrison v. Heflin, 54 Ala. 552; Greenlees v. Greenlees, 62 Ala. 330; Baker v.

Prewitt, 64 Ala. 551; Lawson on Presumptions, rule 88, p. 419.

[2] In the absence of actual possession by one claiming under tax title, or in case of possession short of the period prescribed by the statute of limitations (Code 1907, § 2311), no presumptions are indulged in favor of the regularity of proceedings for the sale of lands for the nonpayment of taxes (Oliver v. Robinson, 58 Ala. 46; Smith v. Cox, 115 Ala. 503, 22 South. 78), and one who asserts his rights under such title, unless relieved therefrom by statute, has the burden of showing the validity and regularity of such proceeding. Drennen et al. v. White, 191 Ala. 274, 68 South. 41; Baines v. Williams, 195 Ala. 825, 70 South. 644; Doe ex dem. v. Stiles, 185 Ala. 550, 64 South. 345.

[3] While the payment of taxes on land is evidence of a claim thereto, it is not evidence of actual possession. Doe ex dem. v. Stiles, supra.

This disposes of the only question presented; and, there being no error in the record, the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes