(102 So. 619)

**CURB v. GRANTHAM. (2 Div. 838.)**

(Supreme Court of Alabama. Nov. 20, 1924. Rehearing Denied Jan. 22, 1925.)

**1. Jury ☞13(11)—Cross-bill in foreclosure suit, seeking cancellation of mortgage as cloud on title, held not to entitle respondent to jury trial on question of tender of balance of mortgage debt.**

In foreclosure suit, cross-bill seeking cancellation of mortgage as cloud on title *held* not to entitle respondent to jury trial, under Code 1923, §§ 9905, 9908, on question of tender of balance of mortgage debt before filing foreclosure bill.

**2. Appeal and error ☞1009(1)—Chancellor's findings of fact not disturbed unless plainly wrong.**

Chancellor's findings of fact not disturbed on appeal, unless plainly and palpably wrong, in view of Gen. Acts 1915, p. 594.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Bill in equity by Issie B. Grantham against W. E. Curb and John D. Edwards, to foreclose a mortgage on real estate. From a decree granting the relief prayed, respondent Curb appeals. Affirmed.

A. W. Stewart, of Marion, and Craig & Craig, of Selma, for appellant.

Trial by jury should have been granted to respondent as requested. Code 1923, § 9908. Counsel contend for error in the final decree, but without citing additional authorities.

J. F. Thompson, of Birmingham, and Clifton C. Johnston, of Marion, for appellee.

A bill to quiet title will only lie when there is no suit pending to test the validity of the title. Code 1907, § 5446; Code 1923, § 9905. Trial by jury in chancery is not a matter of right, unless made so by statute or the Constitution. 21 C. J. 585; 10 R. C. L. 529, § 314. A decree determining the facts on testimony heard orally before the court has the effect of a verdict of a jury, and will not be disturbed on appeal, unless plainly erroneous. Caples v. Young, 206 Ala. 282,

89 So. 460; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

GARDNER, J. [1] Bill by appellee against appellant and another for the foreclosure of a mortgage on certain real estate situated in Marion, Alabama. The defense was that the complainant had been paid in cash and store account the larger portion of the mortgage debt, and the small balance remaining had been tendered before the filing of the bill. The answer was made a cross-bill with the prayer that the mortgage be canceled as a cloud on the title. Respondent (appellant here) demanded that the issue of fact presented be tried before a jury, and the action of the court in refusing this demand is assigned as error.

It is now too well understood and firmly settled for discussion that a trial by jury as a matter of right in a court of chancery depends solely upon statutory or constitutional provisions therefor. 21 Corpus Juris, 585. This rule of law is not controverted by counsel for appellant, but the insistence seems to be that the cross-bill comes within the purview of the statute to quiet title (section 9905, Code 1923), and that jury trial is therefore provided in such proceedings (section 9908, Code 1923). Of course one of the essential elements of a statutory bill to quiet title is that "no suit is pending to enforce or test the validity of such title," which is contradicted and disproved by the answer itself and the entire proceedings. Recourse, very clearly, cannot be had therefore to the foregoing statute, and it results the court committed no error in the denial of the demand for jury trial.

[2] The only remaining question presented relates to the finding of the chancellor upon the facts. It is a question not free from difficulty, as there was sharp and irreconcilable conflict in the evidence. A discussion of it here will serve no useful purpose, nor has it been the policy of the court to enter into a detailed consideration of questions of fact since the passage of the act of 1915, p. 594. Caples v. Young, 206 Ala. 282, 89 So. 460. Suffice it to say the evidence has been examined with painstaking care. The witnesses testified orally before the chancellor, who had therefore the advantage of the observance of their demeanor upon the witness stand, and the rule is now well established that under such circumstances his findings of fact will not be here disturbed, unless we are persuaded they are plainly and palpably wrong. Caples v. Young, supra.

We are not so persuaded in the instant case, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.