182 So. 37

## LANEY v. PROCTOR.

### 8 Div. 893.

Supreme Court of Alabama.
June 16, 1938.

Garrett Hagan and Foster & Hagan, all of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

KNIGHT, Justice.

Statutory ejectment.

The plaintiff relied upon a tax title, and in support thereof offered in evidence a tax deed executed to him by the Judge of Probate of Jackson County on June 17th, 1933. In addition to said tax deed, the plaintiff also offered in evidence certain other deeds, including a deed from Georgia Minerals Company to B. W. Newsom, under date of October 18, 1923.

It appears from the evidence in the cause that the property sued for was assessed for state and county taxes during the years 1924 to 1934, both inclusive, to said B. W. Newsom, and for the years 1934 to 1937 to John F. Proctor, the plaintiff. It also appears from the tax deed executed to Mr. Proctor that Newsom failed to pay the taxes assessed against said property for the tax year 1929, and that the lands were sold on June 23, 1930, to satisfy the amount due

the state and county for the taxes for the year 1929. At this sale Proctor became the purchaser. The property not having been redeemed within the time allowed by law, the Judge of Probate executed a deed to said purchaser.

It also appears, without conflict, from the evidence that this same land during the years from 1934 to 1937 was assessed for state and county taxes to the appellant, J. C. Laney, and that Laney paid these taxes during said years. And it further appears that, Laney having failed to pay the state and county taxes on the land for the tax year 1930, the land was sold to satisfy the lien of the state and county, and J. H. Hurt became the purchaser for the amount of the taxes, interest, penalties and cost. The record further shows that Laney duly redeemed the land from this tax sale on July 10, 1933, by paying to the Judge of Probate of said county the sum of $47.53, which amount represented the purchase money, interest at fifteen per cent, cost of certificate, and subsequent taxes and interest for the years 1931 and 1932. Upon this payment to the Probate Judge, that official, as required by law, issued to the said Laney, redemptioner, a certificate of redemption.

The tax sale at which the plaintiff became the purchaser took place on June 23rd, 1930, and the tax deed was executed by the Judge of Probate to said Proctor on June 17th, 1933.

This action was commenced on July 7th, 1937.

There was other evidence in the case, but of such nature that we deem it unnecessary to a decision of the cause to set it out. The cause was tried by the court without a jury, and upon conclusion of the evidence the court rendered judgment for the plaintiff for the lands sued for.

In rendering judgment for the plaintiff, the court committed error. The defendant was entitled to a judgment upon two grounds at least.

The rule is firmly established in this jurisdiction, as well as elsewhere, that the burden is upon the party claiming under a tax title to show the necessary and substantial compliance with all statutory requirements culminating in the sale of the taxpayer's property to discharge the tax lien of the state and county, and the courts are enjoined to give a strict construction to such proceedings in determining the question of their regularity and validity.

Union Central Life Ins. Co. v. State, 226 Ala. 420; 147 So. 187; Gunter v. Townsend, 202 Ala. 160, 79 So. 644; Galloway Coal Co. v. Warrior Black Creek Coal Co., 204 Ala. 107, 85 So. 440; Doe ex dem. Standifer v. Styles, 185 Ala. 550, 64 So. 345.

 While the deed executed to the plaintiff was prima facie evidence of the regularity of all proceedings recited therein both prior and subsequent to the decree of sale (Gen.Acts 1919, Sec. 267, p. 360), in any controversy, proceedings, or suit involving or concerning the rights of the purchaser, his heirs or assigns to the real estate thereby conveyed, nevertheless this evidentiary presumption is, and can be, only prima facie, and it must and does yield to further proof showing that the proceedings, either prior or subsequent to the sale, were in fact irregular and void.

In this case the evidence is undisputed that the property was assessed both to the defendant and to Newsom during the tax years 1924 to 1934, both inclusive; that defendant duly paid the taxes on the property during each of said years, but was late in the payment of the tax for 1930, but which fact is wholly immaterial in this case. The property was sold for the taxes assessed thereon as against Newsom for the year 1929, notwithstanding the taxes due the state and county on the identical property had been paid by the defendant. When the defendant paid the taxes for the year 1929, this wholly discharged any lien that the state and county had upon the property. "The state is entitled to only one tax on one subject thereof." When so paid, the sale of the property to effect a second collection is void. Pickler v. State, 149 Ala. 669, 42 So. 1018; Bower, Tax Collector, v. American Lumber & Export Co., 195 Ala. 572, 71 So. 100. It follows, therefore, that the sale at which the plaintiff purchased the property was unauthorized and void, and the deed executed to the plaintiff was likewise void, and conveyed no interest in the property. For this reason, if there were no other, the plaintiff showed no right to recover under his tax deed.

But there is also another obstacle, presented by the evidence, that is fatal to plaintiff's case, and right of recovery. The tax sale, through which plaintiff claims, was had on June 23rd, 1930, and plaintiff, even assuming the validity of the sale, was entitled to tax deed on June 23, 1932. The action was not filed until July 7, 1937.

Section 3107 of the Code provides: "No action for the recovery of real estate sold for the payment of taxes shall lie, unless the same is brought within three years from the date when the purchaser became entitled to demand a deed * * *."

This statute is but a short statute of limitation, "applicable on the grounds of public policy to this particular class of cases." Plaintiff's action, if he ever had one, was, therefore, barred by this statute. Capehart v. Guffey, 130 Ala. 425, 30 So. 390; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

It follows, therefore, that the judgment of the circuit court must be, and is, reversed, and a judgment here entered for the defendant.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.