200 So. 601

### Ex parte BAIRD.

### 7 Div. 642.

Supreme Court of Alabama.

Feb. 27, 1941.

Chas. F. Douglass, of Anniston, for petitioner.

586

Merrill & Merrill, of Anniston, for respondent.

LIVINGSTON, Justice.

Petition for mandamus by Bonnie Baird directed to Hon. R. B. Carr, Judge of the Circuit Court, in Equity, of Calhoun County, to compel the issuance of an order or decree directing that the issues of fact in the case of petitioner versus J. Ralph Hamilton and Henry C. Baird, pending in the Circuit Court of Calhoun County, in Equity, be tried by a jury.

Petitioner, complainant in the court below, on March 8, 1938, executed a note, secured by a mortgage on the lands here involved, to secure the payment of an attorney's fee for defending her husband then under indictment, which note and mortgage were transferred by the mortgagees to J. Ralph Hamilton. Under the power of sale contained in the mortgage, after maturity of the note and demand for payment, Hamilton began foreclosure proceedings; and it was while the foreclosure was being advertised that petitioner filed her bill on which this proceeding is predicated.

It is now too well understood and firmly settled for discussion that a trial by jury as a matter of right in a court of chancery depends solely upon statutory or constitutional provisions. Curb v. Grantham, 212 Ala. 395, 102 So. 619; 21 Corpus Juris, 585. That such is the rule is not controverted by counsel for petitioner, but the insistence seems to be that the bill of complaint filed in the case hereinabove mentioned comes within the purview of our statutes to quiet title (section 9905, Code of 1923), and that a jury trial is provided for in such proceedings by section 9908, Code of 1923.

If the bill of complaint in this case is one to quiet title under section 9905 et seq., Code of 1923, the petitioner is entitled to have the issues involved tried by a jury, and the writ of mandamus should issue, otherwise not. The nature and character of the bill must be determined from a consideration of the facts averred in it. Bledsoe v. Price & Co., 132 Ala. 621, 32 So. 325.

The bill in the instant case avers the execution and delivery by complainant (petitioner) of the mortgage constituting the alleged cloud on her title. That the mortgage was executed and delivered to secure the debt of her husband; that she was induced to execute the same through fraud, undue influence, etc., and that she was mentally incapacitated at the time she executed the mortgage. The bill prays that the foreclosure of the mortgage be restrained, that the mortgage be cancelled as a cloud on her title, and that the register of the court be directed to enter satisfaction on the record of same in the office of the judge of probate.

The purpose of our statute to quiet title is simply to fix the status of the land in respect to ownership, to re-establish by decree muniments of title to it. Ward v. Janney et al., 104 Ala. 122, 16 So. 73; Cheney, Trustee, v. Nathan, 110 Ala.

254, 20 So. 99, 55 Am.St.Rep. 26. We are not unmindful of the fact that a statutory bill to quiet title may also contain averments of fact on which to predicate relief beyond that provided for in the statute.

Upon the bill as amended as a whole we are constrained to, and so hold, that it is not a bill to quiet title, even though so called by petitioner. It is a bill governed by the general principles of equity.

It follows that the petition for mandamus must be denied.

Writ denied.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.