271 So.2d 246

Pete TURNHAM

v.

Coleman POTTER et al.

SC 77.

Supreme Court of Alabama.

Dec. 21, 1972.

James Noel Baker, Opelika, for appellant.

NO BRIEF FOR APPELLEES.

FAULKNER, Justice.

This case comes to us on appeal. from the Circuit Court of Coffee County, Elba Division, in Equity.

The dispute between the parties involves title to 60 acres of wooded lands in Coffee County, Alabama. Ella Potter, seized thereof in fee simple, died intestate in 1954. Thereafter, taxes became delinquent, and on June 17, 1955, the land was sold to appellant Turnham at a tax sale. in front of the courthouse in Elba, under authority of Code, Title 51, § 249 et seq. After the three-year waiting period prescribed by Title 51, § 276[1] had expired, a deed was delivered to Turnham in June, 1958, and duly recorded. He continued to pay the taxes on the land every year.

In 1966 the appellees, heirs and next of kin of Ella Potter, brought an action in equity to declare the tax sale void, praying the chancellor to declare their right to redeem the land, as provided by Title 51, § 303 et seq.[2] After further

1. § 276. "Deed delivered to purchaser.— After the expiration of three years from the date of the sale of any real estate for taxes, the judge of probate then in office must execute and deliver to the purchaser, other than the state, or person to whom the certificate of purchase has been assigned, upon the return of the certificate and payment of a fee of one dollar to the judge of probate, a deed to each lot or parcel of real estate sold to the purchaser and remaining unredeemed, including therein, if desired by the purchaser, any number of parcels, or lots purchased by him at such sale; and such deed shall convey to and vest in the grantee all the right, title, interest, and estate of the person whose duty it was to pay the taxes on such real estate, and the lien and claim of the state and county thereto * * *."

2. § 303. "Time and by whom land may be redeemed.—Real estate which hereafter may be sold for taxes and purchased by the state may be redeemed at any time before the title pass out of the state, or if purchased by any other purchaser, may be redeemed at any time within three years from the date of the sale by the owner, his heirs or personal representatives, or by any mortgagee or purchaser of such lands, or any part thereof, or by any person having an interest therein, or in any part thereof, legal or equitable, in severalty or as tenant in common, including a judgment creditor, or other creditor having a lien thereon, or any part thereof; and an infant or insane person entitled to redeem at any time before the expiration of three years from the sale, may redeem at any time within one year after the removal of his disability; and such redemption may be of any part of. the lands so sold, which includes the whole of the interest of the redemptioner * * *."

amendments to the bill, and the overruling of demurrers, a jury was impaneled and the cause tried. The court instructed the jury, without explanation, that as a matter of law the tax sale deed was void "because of the failure of Compliance [sic] with the statutory procedure in the sale of land for collection of delinquent taxes." The appellant, Turnham, excepted to this charge, but appears latter to have abandoned his contentions on this point. Since appellant has not argued the point, he has waived it, and for purposes of this appeal we must assume that the tax deed was in fact ineffective to pass title. However, this court has held that under § 295, Title 51, Code of Alabama 1940 (Recompiled 1958),[3] whether a tax sale was void or valid, continuous adverse possession of the land by the purchaser at the tax sale for three years after he became entitled to demand a tax deed from the Judge of Probate will bar action for recovery by the former owner except in instances mentioned in the statute. Perry v. Marbury Lumber Co., 212 Ala. 542, 103 So. 580 (1925); Doe v. Styles, 185 Ala. 550, 64 So. 345 (1914). Even if the tax deed delivered to Turnham was invalid, it was sufficient to furnish color of title. Pierson v. Case, 272 Ala. 527, 133 So. 2d 239 (1961); Clanahan v. Morgan, 268 Ala. 71, 105 So.2d 429 (1958); Merchants National Bank of Mobile v. Lott, 255 Ala. 133, 50 So.2d 406 (1951).

The jury was in fact instructed that despite the void deed Turnham could have established title to the land by three years of adverse possession. This was the sole question submitted to them. A verdict was returned that appellant had not possessed the lands adversely to the appellees for three or more years prior to the filing of suit in 1966. The chancellor thereupon decreed that the heirs and next of kin had a right to redeem, and that the tax sale purchaser, Turnham, had no right, title, or interest in the land, save the right to be reimbursed for the taxes he had paid, including interest. Turnham now appeals to this court from the decree.

Numerous errors are assigned by appellant. He argues, inter alia, that complainant had no right to jury trial, and that the court erred in making various other rulings.

The evidence for the respondent upon trial included testimony that Turnham had purchased the parcel at a tax sale in front of the courthouse at Elba on June 17, 1955, and that after a three year waiting period had expired he had received a deed from the Probate Judge on June 21, 1958, which was duly recorded. At this time he went down to look at the land. Later, he employed several experts to advise him what to do with the parcel, and went upon it with each of them. On one of these occasions he spent time chatting with a neighbor and visiting in the latter's house. He had an aerial photograph made, and consulted various offices and experts. He brought his wife and children down, and picnicked on the land. Finally, Turnham testified that he decided the land was unsuitable for cultivation, and should be left in its wooded state. He testified that he subsequently revisited the land an average of at least three times a year. On one occasion, Turnham testified that he and another man had cut some limbs and briars along a quarter to a half-mile of the land line. Testimony by the Tax Collector in-

3. § 295. "Limitation of actions.—No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor; but if the owner of such real estate was, at the time of such sale, under the age of twenty-one years, or insane, he, his heirs or legal representatives, shall be allowed one year after such disability is removed to bring suit for the recovery thereof; but this section shall not apply to any action brought by the state; nor to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale; nor shall they apply to cases in which the real estate sold was not, at the time of the assessment, or of the sale, subject to taxation."

dicated that Turnham had paid taxes on the land every year since 1955.

On behalf of the complainants, testimony showed that none of them had occupied the parcel at any time during the relevant period. Thomas Potter, one of the complainants, testified that he had cut timber there in the interval between 1955 and 1958, and took out kindling wood for personal use in 1959. Since that time neither he nor any other of the complainants had entered the land. He testified that he had asked a neighbor to let him know "if he saw anybody" on the land. However, neither he nor any of the other complainants had paid any taxes on the land at any time.

During the entire period concerned (1954–1966), none of the parties involved on either side of the litigation resided upon or physically occupied the land. It remained vacant.

On this evidence the jury returned a verdict that Turnham had not adversely possessed the land for at least three years prior to 1966.

■ At the outset, we must agree with appellant's contention that jury trial as of right did not lie in this action. Code, Title 7, § 1112 provides for jury trial, upon request of either party, in an action to quiet title to land commenced under Title 7, § 1109, with result binding upon the chancellor. This court has held that trial by jury as a matter of right in a court of chancery depends solely upon statutory or constitutional provisions. Curb v. Grantham, 212 Ala. 395, 102 So. 619 (1925). In Ex Parte Baird, 240 Ala. 585, 586, 200 So. 601 (1941), this court said:

"If the bill of complaint in this case is one to quiet title * * * the petitioner is entitled to have the issues involved tried by a jury * * * otherwise not. The nature and character of the bill must be determined from a consideration of the facts averred in it. Bledsoe v. Price & Co., 132 Ala. 621, 32 So. 325."

The original bill in this case alleged heirship to Ella Potter, tax sale to respondent, and invalidity thereof. It prayed for:

"(A) final declaratory judgment or decree, declaring (Respondent's) said decree of sale void, and the decree made to Respondent pursuant to sale under said decree void, and that Complainants have a right to redeem said lands upon payment by them to Respondent such amounts as may be due him * * *."

Later this was amended by addition of an averment that complainants were in peaceful possession of the land, and a prayer:

"(T)hat the tax title under which Respondent claims be removed as a cloud on the title to said property of the Complainants."

Taking into account the facts averred in the pleading, we believe the bill remained essentially one to redeem land under Title 51, § 303, et seq., rather than one to quiet title under Title 7, § 1109. As such, there was no right to jury trial. Ex Parte Baird, supra; Webb v. Bank of Brewton, 265 Ala. 568, 93 So.2d 154 (1957).

■ We note that it does not appear on the face of the record whether the court considered himself bound by the jury verdict, as provided by Title 7, § 1112, or was employing it in an advisory capacity. The chancellor, without need of statutory or constitutional authorization, has the inherent power to impanel an advisory jury. Alabama, Tenn., & Northern Railway Co. v. Aliceville Lumber Co., 199 Ala. 391, 74 So. 441 (1917); White v. Berrey, 266 Ala. 379, 96 So.2d 725 (1957). The jury in this case could not exercise binding authority, because the bill was not under Title 7, §

1109. Therefore we will assume for purposes of this appeal that it was advisory only to the final decree of the chancellor.

■ In reviewing a decree, this court has held that where the court below had opportunity to hear the witnesses, the decree is entitled to a presumption in its favor on appeal. Hope of Alabama Lodge of Odd Fellows v. Chambless, 212 Ala. 444, 103 So. 54 (1925); Hodge v. Joy, 207 Ala. 198, 92 So. 171 (1922). However, if it is "clearly contrary to the great weight of the evidence", this court will reverse on appeal. Webb v. Bank of Brewton, supra, 265 Ala. at 572, 93 So.2d at 157.

We think the decree below in favor of the complainants clearly contrary to the great weight of the evidence in this case. The complainants never occupied or paid any taxes on the land. One of their number sold wood off the land prior to 1958, and took kindling for his own use as late as 1959. He vaguely claimed, without mentioning a date, that he told a neighbor to let him know "if he saw anybody." There is no evidence that he, or any of the other complainants exercised any dominion whatever over the land between 1959 and 1966.

On the other hand the appellant purchased the land in good faith, and paid the taxes every year from 1955 onward. He went upon the land with his family for a picnic, with experts to analyze potential use, and had aerial photos made. He trimmed lengthy stretches of the land line. He chatted and visited with a neighbor. Although his decision was that the parcel was not suitable for cultivation, he continued to visit it at least three times a year throughout the entire interval.

■ It is not necessary to physically reside upon land to establish title by adverse possession. Moorer v. Malone, 248 Ala. 76, 26 So.2d 558 (1946). Land need only be used by an adverse possessor in a manner consistent with its nature. Alabama State Land Co. v. Matthews, 168 Ala. 200, 53 So. 174 (1910). As was said in *Matthews*:

"(O)penness and notoriety and exclusiveness of possession are shown by such acts in respect of the land in its condition at the time as comport with ownership—such acts as would ordinarily be performed by the true owners in appropriating the land or its avails to his own use * * *." 168 Ala. 201, 53 So. 174.

The acts of respondent, in going to the land, and consulting expert help in attempting to use it, are those of a true owner. He ultimately did little with this wooded land—but then again there was little to be done with it.

■ We hold that appellant established title to the land by adverse possession. Complainants are barred from redemption of the land by expiration of the three-year statute of limitations, since the respondent as the purchaser at the tax sale was in continuous adverse possession of the land for three years after he became entitled to demand a tax deed from the Judge of Probate. Code, Title 51, § 295, supra; Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So.2d 165 (1947); Laney v. Proctor, 236 Ala. 318, 182 So. 37 (1938); Perry v. Marbury Lumber Co., supra.

In this view of the case it is not necessary to reach the other contentions raised by respondent on appeal.

The decree of the trial court must be and hereby is reversed and the cause remanded with directions to enter a decree consistent with this opinion.

Reversed and remanded with directions.

HEFLIN, C. J., and MERRILL, HARWOOD, and MADDOX, JJ., concur.