PER CURIAM.
Because the evidence in support of the appellant’s counterclaim based on adverse possession fails to meet either of the three statutory alternative prerequisites to invoke the 10-year period of limitations, we affirm the trial court’s summary judgment in favor of the appellees. We agree with the appellant that her testimony with respect to a parol gift of the property is sufficient to make out a triable issue on the element of claim of right and adverse possession, but this evidence is insufficient to satisfy the color-of-title element prescribed in Code 1975, § 6-5-200(a)(l).[1] Therefore, because the evidence is without dispute that she adversely possessed the property for a period of less than the 20-year prescriptive period, the trial court correctly granted the appellees’ motion for summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS and HOUSTON, JJ., concur.

. "Color of title,” as statutorily defined, and as distinguished from a claim of right, requires a deed, or other writing purporting to convey title, to the person claiming title, which written instrument has been recorded in the office of the judge of probate of the county where the land lies for 10 years before the commencement of the action.