Rosa Green and the estate of Lucille Green Dawsey appeal from a summary judgment declaring that they had no interest in certain real property and the underlying minerals. We reverse and remand.
 Statement of Facts
In 1933, the tax collector of Choctaw County conducted a tax sale of four parcels of real estate totalling 112 acres. The land had been owned by John L. Parker. John L. Parker was never personally served with notice of the tax sale. Service was accomplished through publishing the notice for three weeks in the local newspaper and by posting it in the county courthouse. The tax sale occurred on August 7, 1933; the property was sold to John Green, Sr., for $34.03. On August 10, 1933, the probate judge of Choctaw County executed a tax deed to John Green, Sr., conveying to him Parker's interest in the property. Green recorded the deed two days later.
It is undisputed by the parties that John Green, Sr., did not take possession of this property and that his legatees did not take possession following his death in 1939. At least two of the four parcels continued to be assessed for ad valorem taxes by John L. Parker until Parker died in 1935. From 1936 to 1988, the subject property was assessed by Parker's widow, her estate, and her heirs. In 1944, Mary Green, the widow of John Green, Sr., and the executrix of his estate, signed a deed conveying the subject property to five of John Parker's children. This deed reserved to the estate of John Green, Sr., an undivided 1/2 interest in the minerals underlying the subject property. This 1/2 interest was later conveyed by the estate to Mary Green, John Green, Jr. (the husband of Rosa Green), Lucille Green Dawsey, and Bettye Rankin Green. It is the ownership of this 1/2 mineral interest that is disputed in this case.
In 1970, John Green, Jr., and Rosa Green signed a mineral lease allowing an oil company to extract oil and gas from the subject property in exchange for royalty payments.[1] Lucille Green Dawsey also leased her interest to the same company by a separate contract. Rosa Green and the estate of Lucille Green Dawsey claim that drilling began on the subject property in 1971. Royalty payments were made to the lessors until this action was filed in 1986. Since 1986, a number of Parker descendants and their assignees have been embroiled in complex litigation with the Green descendants and their assignees over the true ownership of the property and its underlying minerals. This appeal, however, is limited to the trial court's disposition of a motion for summary judgment made by Rosa Green and the estate of Lucille Green Dawsey ("the Greens") relating to ownership of the 1/2 mineral interest in the subject property
 Entry of Summary judgment
The trial judge denied the summary judgment motion filed by the Greens, but entered a summary judgment for the Parker heirs and the assignees of one of the Parker heirs (although they had not moved for a summary judgment).[2] He first ruled that the 1933 tax sale and the tax deed to John Green, Sr., were void for lack of proper notice. He then held that the Greens could not take advantage of what is commonly known as the "short statute of limitations" for tax sales. The current version of this limitations provision appears at § 40-10-82, Ala. Code 1975; it provides in relevant part:
 "No action for the recovery of real estate sold for the payment of taxes shall lie unless the same is brought within three years from the date when the purchaser became entitled to demand a deed therefor. . . ." *Page 783 
The version of the statute in effect at the time of the 1933 tax sale, § 3107, Ala. Code 1923, is identical to the present statute with one exception. Section 3107 specifically exempted void sales from the operation of the short statute of limitations.[3] The trial court applied § 3107, holding that the short statute of limitations provided no protection for the Greens because the original sale was void. The court stated that even if the sale had been valid, title would have vested in the Parker heirs by virtue of the failure of John Green, Sr., to bring an action for possession of the property before the three-year statutory period expired.
The trial court also rejected the Greens' claim to ownership of the 1/2 mineral interest through adverse possession under §6-6-200 Ala. Code 1975. The basis of this ruling was that the void tax deed did not provide color of title to the Greens. The court reasoned that, if the void tax deed did not constitute color of title under § 3107, then it could not logically constitute color of title for the purposes of § 6-5-200 either. In the alternative, the court held, the Greens did not have color of title because the failure of John Green, Sr., to bring a timely action for possession had caused title to vest in the Parker heirs. For these reasons, the trial court ultimately held that the Greens had no interest in the disputed mineral rights.
 Standard of Review
The summary judgment in this case is somewhat atypical. It was entered for the Parker heirs and assignees even though they had not moved for a summary judgment. However, it is entirely within the power of the trial court to enter a summary judgment for a party despite the fact that the motion for summary judgment has been filed by an opposing party. This Court wrote in 1982: "Even though it would the better practice for an opposing party to file a cross motion, . . . we hold that in the absence of a timely and meritorious objection, there is no reason why, upon the motion of one of the parties, the court cannot dispose of the whole matter by granting a judgment to the other party if it finds that there is not a scintilla of evidence supporting the moving party's position, thus showing the non-moving party to be entitled to a judgment as a matter of law." Adam v. Shelby County Commission,415 So.2d 1066, 1068 (Ala. 1982). In order for the Parker heirs and assignees to receive a judgment as a matter of law, they were required to show that no genuine issue of material fact existed. This present action was filed before the Legislature abolished the "scintilla rule" in 1987 by the adoption of § 12-21-12, Ala. Code 1975. Therefore, if they made a prima facie showing that there was no such issue, then the opposing parties (the Greens) would have been required to present at least a scintilla of evidence in their favor creating a genuine issue of material fact. Hutchins v. State Farm. Mut. Auto. Ins. Co., 436 So.2d 819,825 (Ala. 1983).
 Void Tax Deed as Color of Title
Although the litigation between these parties is rather convoluted, the issue before this Court is a narrow one: Did the void tax deed provide the Greens with color of title under6-5-200? The invalidity of the tax sale and the tax deed is undisputed. The Greens have also abandoned any claim that the short statute of limitations entitles them to possession of the mineral interests.
Simply put, color of title is a writing that appears to transfer title but that in reality does not. Bradley v. Gordon,240 Ala. 556, 20 So. 736 (1941); Bowles v. Lowery, 181 Ala. 603,62 So. 107 (1913). Under § 6-5-200 (a)(1), color of title, as opposed to a rightful claim to title, requires only that a deed or other writing purporting to convey title be recorded in the probate office of the County where the land lies and that it has been recorded for 10 years before the action is filed. Lewis v.Hardin, 512 So.2d 96 *Page 784 
(Ala. 1987). Color of title is only a facade — it is the appearance that matters and not what is behind it. Generally, even a defective, irregular, or void deed can constitute color of title. "Any instrument purporting to convey an interest in land may be color of title, however defective or imperfect it is, and no matter from what cause it is invalid," Edmonson v. Colwell,504 So.2d 235, 236 (Ala. 1987), citing Van Meter v. Grice,380 So.2d 274 (Ala. 1980). Moreover, void tax deeds have specifically been held to furnish color of title. Turnham v. Potter, 289 Ala. 685,271 So.2d 246 (1972); Pierson v. Case, 272 Ala. 527,133 So.2d 239 (1961); Brannan v. Henry, 142 Ala. 698, 39 So. 92
(1905). Certainly, the tax deed to John Green, Sr., appeared to convey title to the subject property. It was recorded in 1933; thus, the 10-year requirement was easily met. The tax deed, while not a valid title itself, thus appears to have the attributes necessary to constitute color of title.
The trial court, however, held that the specific exclusion of void tax sales under § 3107 stripped the tax deed of any status, including that of color of title. The trial court's order read:
 "[Section 3107] expressly provided it did not apply to void sales; i.e. that a void tax sale would not be of any benefit to the tax purchaser under § 3107. In other words, the express language of § 3107 made it clear that a void tax sale did not constitute color of title for statute limitations purposes under § 3107."
This holding is erroneous for several reasons. First, § 3107 is the wrong statute to apply in this case. In Odom v.Averett, 248 Ala. 289, 27 So.2d 479 (1461), this same statute was at issue; the Court; held it inapplicable, stating:
 "[Section] 3107 of the Code of 1923, which was in force at the time the property was sold for taxes and bought in by the State, expressly provided that the statute of limitations of three earn the recovery of lands sold for the payment of taxes did not apply to void tax sales. But this provision excepting void tax sales from the operation of the statute was omitted in the Revenue Act of 1935. [Citations omitted.] [The statute] which was in effect at the time of the filing of this suit . . . is the statute which has application to the instant case. Under our decisions, statutes of limitations affect the remedy and unless the act creating the limitation expressly shows a contrary intention, the statute of limitations existing at the time of trial applies."
248 Ala. at 291, 27 So.2d at 480. Thus, the proper statute of limitations to apply is the statute currently in force, §40-10-82, Ala. Code 1975.[4] That statute does not expressly exclude void sales and, accordingly, does not support the proposition that a void tax deed cannot constitute color of title.
Second, even if § 3107 were the proper statute to apply, we would find the trial court's reading of it to be overly broad and unreasonably prohibitive. The trial court interpreted § 3107 to bar any use whatever of the tax deed by the tax purchaser. However, in enacting 3107, the Legislature provided only that it would not apply to void sales. Nowhere in the statutory language did the Legislature express an intention to deprive a tax purchaser of the color of title provided by a void tax deed.
The trial court reasoned that if a void tax deed could not provide color of title under § 3107, then it likewise could not provide color of title under the adverse possession statute, § 6-5-200. In light of our decision that § 3107 has no bearing on this case and, in any event, does not prevent a void tax deed from furnishing color of title, then certainly a void tax deed can furnish color of title for the purpose of adverse possession.
We would also note that we disagree with the trial court's alternative conclusion that the Greens cannot claim color of title because no action for possession was ever brought and title was thus vested in the Parker heirs and assignees. While the Greens are certainly barred from claiming title as of right, because of the short statute *Page 785 
of limitations, they are not barred from claiming that they hold mere color of title. We agree with the Greens that the character of the tax deed is not changed by the expiration of the period provided by the short statute of limitation therefore, we conclude that the void tax deed to John Green, Sr., provided color of title to the Greens for the purposes of § 6-5-200.
 The Greens' Claim of Adverse Possession
The fact that the Greens can claim color of title through the void tax deed does not automatically validate their claim of ownership through adverse possession. To succeed with their claim under 6-5-200(a)(1), they must still show that their possession of the subject property was open, notorious, hostile, continuous, and exclusive for the statutory period. Harper v. Smith,582 So.2d 1089 (Ala. 1931). However, the trial court's order did not address these other elements of adverse possession. The trial court relied exclusively on the Greens' supposed lack of color of title. Therefore, the case is remanded for the trial court to determine if the Greens met their burden of demonstrating that there was no genuine issue of material fact as to whether they adversely possessed the 1/2 mineral interest.
 Conclusion
Because the Parker heirs and assignees were not entitled to a judgment as a matter of law, the summary judgment is reversed. The cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, HOUSTON, KENNEDY, and LYONS, JJ., concur.
SEE, J., concurs in the result.
[1] In 1976, John Green, Jr., conveyed his interest in the subject property to his wife, Rosa S. Green.
[2] The appellees in this case are the heirs of John Parker and a group the trial court referred to as "the Christopher Group." The Christopher Group claims an interest in the subject property through a deed from John Parker's son to W.S. Scruggs. Because all of the appellees at some point derive their interest in the property from John Parker they will be collectively referred to as "the Parker heirs and assignees."
[3] The portion of § 3107 providing exceptions to the short statute of limitations reads:
 "[B]ut this section shall not apply to any action brought by the state; nor to cases in which the owner of the real estate sold had paid the taxes, for the payment of which such real estate was sold, prior to such sale; nor shall they [sic] apply to cases in which the real estate old was not, at the time of the assessment, or of the sale, subject to taxation, nor shall it apply to void sales."
(Emphasis added.)
[4] We note that even when we apply the correct short statute of limitations, the Greens are still barred under that section because no action for possession was brought within the three-year limitations period.